ROBERT J. MARSHALL, APPELLANT, VS. ISABELLA RAVISIES, APPELLEE.

1. A final judgment for default in pleading in an action commenced by attachment of property cannot be rendered by the Clerk of the Circuit Court in vacation against a defendant of whom the court has not acquired personal jurisdiction. The judgment in such case can be rendered only by the court in term, or by the judge in vacation.

2. An agent of the plaintiff signing an attachment bond as principal therein cannot also sign it as a surety. The requirement of the statute that there shall be two sureties calls for the responsibility or guaranty of two persons other than the principal.

Appeal from the Circuit Court for Hernando county.

The facts of the case are stated in the opinion.

*A. Paterson* for Appellant.

*D. Turnbull* and *W. B. Lamar* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

The affidavit in attachment in this case is according to the recital in its body made by " Edmond Ravisies, (agent of Isabella Ravisies)" and is signed "Edmond Ravisies, agent for Isabella Ravisies," and states, among other things, that Robert J. Marshall is indebted to the said Isabella Ravisies, giving the amount of the indebtedness.

The attachment bond is according to the recital in the body of the bond made by " Edmond Ravisies (agent of Isabella Ravisies) and Edmond Ravisies and C. C. Keathly." The condition of the bond is that " whereas the said Edmond Ravisies (agent of Isabella Ravisies) has this day applied for and obtained an attachment against the lands and tenements and goods and chattels of Robert J. Marshall for the sum of $524. Now if the said Edmond Ravisies (agent of Isabella Ravisies) shall well and truly pay all costs and damages the defendant, the said Robert J. Marshall, may sustain in consequence of improperly suing out the said attachment, then this obligation to be void, else to remain of full force and effect." It is signed and sealed:

" EDMOND RAVISIES,

"Agent of Isabella Ravisies. [SEAL.]

" EDMOND RAVISIES. [SEAL.]

" C. C. KEATHLY." [SEAL.]

And is approved by the Clerk of the Circuit Court.

A writ containing an attachment and personal summons was issued by the clerk to the sheriff commanding him to attach the lands and tenements, &c., of Robert J. Marshall as will be sufficient to satisfy the sum of $524, with interest and costs, " of plaintiff's suit," and also to summon the said Marshall to appear before the Circuit Court on the day stated therein " to answer to Edmond Ravisies, agent of Isabella Ravisies, in the said sum of $524, with interest and costs, of plaintiff's suit." There was no personal service made on the defendant, but property appears to have been levied on as belonging to him.

The declaration is by " Isabella Ravisies, plaintiff in the above suit, by Turnbull & Phillips, her attorneys, against Robert J. Marshall, the defendant."

There being no personal service of the summons on the defendant a notice to the defendant to appear and plead

was published.   It states the action to be " Isabella Ravi-
sies vs. Robert J. Marshall," and Marshall is also after-
wards designated in it as " defendant."

Marshall appearing specially, moved the Circuit Judge
at Tampa to dissolve the attachment.   The grounds of the
motion will be stated, as far as is necessary, hereafter.

This motion was overruled January 13th, 1886, and
afterwards, on February 1st of the same year, what must
be treated as a default was entered by the Clerk of
the Circuit Court, " no plea, answer or demurrer
having been filed herein," and on the 3d day of the
same month a judgment " that the said Isabella Ravisies
have and recover final judgment against Robert J. Mar-
shall in the sum of $295.25, principal and interest, and
$16.05 costs," was entered by the clerk.   The last two en-
tries are entitled as " Isabella Ravisies vs. Robert J. Mar-
shall, Attachment Damages, $524," and on the next day
the defendant entered his appeal from such judgment.

The record shows this final judgment to have been en-
tered in the clerk's office in vacation.   The statute author-
izing the entry of final judgments in common law actions
by the clerk in vacation is the practice act, approved Feb-
ruary 24, 1873, (chapter 1938.)   The appearance of the de-
fendant was special for the mere purpose of moving to dis-
solve the attachment and there was no personal service of
the summons ; consequently the court had no jurisdiction
of the person of the defendant.   The clerk has no power
in such a case to enter in vacation a final judgment against
the defendant.   Under section 8 of the above act the final
judgment can be rendered only by the court in term time,
or by the judge in vacation, " in actions where the service
of the summons or notice of the institution of the suit is
by publication."   The judgment is consequently unauthor-
ized and must be reversed.

As no appeal lies from an order refusing to dissolve an attachment (Harrison vs. Thurston, 11 Fla., 307,) it might be proper.to simply remand the cause for further proceedings, there being no valid final judgment. Since, however, the matter is still within the breast ot the Circuit Court, it is better, we think, to notice the only point argued in the brief for appellant. This point is that the bond is insufficient in that there is but one surety upon it, viz : Mr. Keathly. It is a case in which an action is instituted by attachment, by Isabella Ravisies against Marshall, her alleged debtor, her agent Edmond Ravisies making the affidavit in attachment, as the statute permits, and such affidavit stating that the indebtedness is to her. She is, of course, the plaintiff in the action, and we may remark that in all such cases the creditors and not the agent should be named and treated in all the proceedings as the plaintiff. King vs. Gwynn, 14 Fla., 32. The bond here is the personal bond of Edmond Ravisies, the agent. This is permissible, the statute authorizing either a bond, binding the plaintiff personally, or one binding the agent personally. 22 Fla., 403 ; 12 Fla., 146 ; 5 Fla., 280. He is, of course, the principal in this bond. The statute requires that there shall be two sureties to an attachment bond, making no exception where an agent or attorney gives a bond binding himself personally. If there were two persons of the name of Edmond Ravisies and one signed as principal and the other signed as surety with Mr. Keathly then this bond is good. If, on the other hand, there was only one person of this name and the two signatures to the bond are his, the bond is invalid. The agent, giving a personal bond as principal, must have two sureties ; and he cannot answer in part this requirement of the statute by offering himself as one of the sureties either upon the theory of his standing in a different capacity as principal and surety, or any other theory.

The responsibility of two other persons than the principal is called for by the statute, and must be supplied. If the bond had been the *plaintiff's* individual bond, executed for her by Edmond Ravisies, as her attorney in fact, under a sealed power binding her instead of himself, as principal, then he could have signed it as surety because his executing it for her under such power would not have bound him as an obligor in the bond. No such case, however, is before us.

What we have said above is sufficient to indicate our views as to the question of sureties and to enable the Circuit Judge to act upon them according to the facts, whatever they may be.

Judgment reversed and cause remanded.