SIMON J. TEMPLE, APPELLANT, vs. THE FLORIDA LAND AND IMMIGRATION COMPANY, APPELLEES.

1. Venue laid in the margin, not repeated in the body of the declaration, is sufficient, though the action be local.

2. Where, in a local action, causes of action arising in different counties are joined, it is sufficient under our statute to lay the venue in the county in which the action is brought.

3. Where the testimony, as in this case, clearly sustains the verdict, a new trial should not be granted on the ground of insufficient weight of evidence.

Appeal from the Circuit Court for Bradford county.

The facts of the case are stated in the opinion.

*S. Y. Finley* and *J. T. Wills* for Appellant.

*C. P. & J. C. Cooper* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action of trespass, brought by appellee against appellant for entering on the lands of appellee and cutting trees and carrying away logs. The pleas (omiting some not material here) were: Not guilty; that appellee did not own the lands; and that appellee was not in possession. Issues were joined, and a trial had, resulting in a verdict for appellee. Motion for a new trial was refused, and judgment given on the verdict, from which this appeal was taken.

We pass by the question, whether the bill of exceptions, which, on a former day was stricken from the record, is now properly before us, under the *nunc pro tunc* proceeding since had before the Circuit Judge, and certified to this court, and will consider the case as if it were properly in the record.

The counsel for appellant argues a point not presented by the assignment of errors, viz: that the action being local the declaration is defective because no venue was laid. This objection should have been made in proper form through the pleadings; but waiving that, and seeing on the face of the declaration that a venue is laid in its margin, we will say that the objection is not a good one. Venue is sufficiently laid in such case, though not repeated in the body of the declaration. McKay vs. Lane, 5 Fla.,

27

268.   Referring to the pleading and practice act, it will be seen that the form there prescribed does not have the venue in the body of the declaration for trespass to lands.   Mc-Clellan, 820.

Of the errors assigned, the first, as to insufficiency of evidence to support the verdict, and the second, as to the verdict and judgment being contrary to law, may properly be considered under the fifth, which assigns for error the refusal of a new trial.   The third and fourth errors grow out of the rulings of the court in allowing, and not striking out testimony relating to trespasses in Clay county, the action being local, and brought and tried in Bradford county. The marginal venue of the declaration is Bradford county; and this being sufficient, as we have before said, the question on these errors is, whether evidence of trespass in Clay county was admissible.   The statute settles this question : " When two or more causes of action joined are local, and arise in different counties, the venue may be laid in either of such counties."   McClellan, 829, §71.   This clearly gave the right to appellee to prove any trespasses in Clay county, as well as those in  Bradford.

Our conclusion, after examination of the testimony, is, that the refusal to grant a new trial was not error.   The witnesses prove the cutting and the carrying away the logs from the lands.   They prove, each as to the lands about which he testifies (different witnesses testifying as to different lands) that this cutting and the hauling were done by men in the employment of appellant, and that the teams for the hauling were his teams.   While one or two of them saw some of the logs delivered at his mill, they did not see many, but all of them say the hauling was in the direction of his mill, and one says that part of it was on a log road cut by him for the use of his mill.   They say there was no other mill in that direction, and that the carts going that

way with logs were seen by them returning empty. One of the witnesses testifies that he was employed by appellant for a long time, and that he, by direction of appellant, hauled logs to the mill from the lands described. Another says he saw appellant on some of the lands directing. the cutting.

They further say they saw no other persons than those who were hands or teamsters of appellant cutting or hauling logs from the lands.

On the part of appellant there is no testimony but his own, and nothing said by him, except to contradict one of the witnesses, who testified he saw appellant on one occasion directing the cutting, which at all weakens the force of this testimony for appellee. On this evidence and the title of appellee to the lands being admitted, and it being shown that an agent of appellee had control of them, and repeatedly warned appellant against trespassing on them, and the value of the trees per acre having been given in the testimony of a witness engaged and experienced in such business, and that value being such as to support the verdict, we are of opinion on the whole testimony that a new trial was rightly refused. Courts will not grant a new trial on the ground that the weight of evidence is against the verdict, where the testimony so clearly sustains the verdict, as we think it does in this case.

Judgment affirmed.