TOM COLEMAN AND DICK COLEMAN, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

To enable an appellate court upon writ of error to review the ruling of an inferior court denying a motion for a new trial based upon the grounds that the verdict is contrary to the law and the evidence and unsupported by the evidence, the motion and the exception to the ruling denying it, must be embodied in a bill of exceptions, under the signature of the trial judge.

Writ of Error to the Criminal Court of Record for Escambia County.

The facts of the case are stated in the opinion of the Court.

*C. H. Alston,* for Plaintiffs in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

In February A. D. 1901, plaintiffs in error were charged by information, and tried and convicted in the Criminal Court of Record of Escambia county of the crime of larceny of cattle, and from the sentences imposed sued out this writ of error.

The errors assigned are: 1. The court erred in over-ruling the defendants' motion for a new trial upon the ground stated in said motion, *viz*: because the verdict was contrary to the law.

2. The court erred in not granting the defendants' motion for a new trial as stated in said motion, *viz*: because the verdict was unsupported by the evidence, and because the verdict was contrary to the evidence.

There is in the transcript what purports to be a bill of exceptions, but it contains nothing but the evidence adduced at the trial. It makes no reference to a motion for a new trial, nor to any ruling upon such a motion, nor to an exception to such a ruling. A motion for a new trial upon the grounds stated in the assignments of error is essentially a matter *in pais,* and must, with the exception to the ruling thereon be evidenced to this court by bill

of exceptions, in order to entitle us to consider it.    In
other parts of the transcript the evidence set forth in the
bill of exceptions is repeated.    Following that appears
what purports to be a motion for a new trial, with the
ruling of the court denying it, and further along a recital
that the ruling denying the motion was excepted to, but
these matters do not appear to be authenticated by the
judge in any way, and they are evidently mere recitals
of the clerk as to the matters mentioned.

The motion for a new trial and exception thereto
not being evidenced by bill of exceptions, we are unable
to decide the questions sought to be reviewed by the
assignment of errors.

The judgments of the court below are affirmed.