EDWARD F. ANDREWS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*. .

Opinion Filed April 22, 1913.

1. An order overruling a motion for new trial in a criminal prosecution should as required by the statute be duly excepted to and the exception duly noted in the bill of exceptions, if a review of the order by an appellate court is desired.

2. Where there is evidence to sustain a verdict of murder in the first degree, an appellate court will not disturb the verdict when there is no error of law and it does not appear that the jury were not governed by the evidence in finding the verdict.

Writ of error to the Circuit Court for Manatee County

Judgment affirmed.

*Robt. W. Davis,* and *H. A. Peeples,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews.* for the State.

WHITFIELD, J.—The plaintiff in error was convicted of murder in the first degree and the death sentence was imposed. A writ of error was taken. The killing of the deceased by the accused is admitted, and the only contention made here is that the testimony does not show a premeditated design to effect the death of the deceased, and that consequently the verdict of murder in the first degree is not sustained by the evidence. While the transcript purports to contain all the evidence adduced at the trial, the order overruling the motion for new trial does not appear to have been excepted to as is required by law to secure a review of the order by the appellate court. Phillips v. State, 62 Fla. 77, 57 South. Rep. 341; Secs. 1693-4, Gen. Stats. of 1906. However, this being a capital case, the court has carefully examined the evidence, and while the members of this court might not have found from the testimony a premeditated design to kill the deceased, it cannot be said on this record that there was no substantial evidence from which the jury might lawfully have inferred the particular premeditated design that is an essential element of the capital offense charged. This may be a case for favorable consideration by the Board of Pardons, who have the power of commutation, but this court has no such power and must act only on the legal aspect of the case as shown by this record under the rules of law applicable to appellate courts.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.