J. W. BUSARD AND JENNIE G. BUSARD, *Plaintiffs in Error*, v. AGNES G. HOUSTON BY HER NEXT FRIEND, GEORGE M. HOUSTON, *Defendant in Error*.

Opinion Filed May 28, 1913.

1. A final judgment cannot be entered by the Clerk of the Circuit Court where the only service of notice of the suit is by publication.

2. A writ of error from what purports to be a final judgment of a Circuit Court operates as a general appearance in the case of the parties taking the writ.

Writ of error to the Circuit Court of Dade County.

Judgment reversed.

*J. L. Billingsley,* for Plaintiffs in Error;

*Shutts, Smith & Bowen,* for Defendant in Error.

HOCKER, J.—The defendants in error, to whom reference will be made as plaintiffs, brought an action in the Circuit Court of Dade County against plaintiffs in error, who will be referred to as the defendants. The action was commenced by atachment levied on certain real estate. There was no personal service on the defendants.

There was no appearance or plea by the defendants, and on the 29th of August, 1912, the plaintiffs filed a motion in the following words, after giving correct title of the cause: "Comes now the plaintiff, by her attorneys, Shutts, Smith & Bowen, and moves the court to enter a final judgment against the defendants, J. W. Busard and Jennie G. Busard, in the above entitled cause. Original note sued on hereto attached." (Signed by the attorneys).

The record then shows the following, after stating the title of the cause:

"Now on the 5th day of August, 1912, came the plaintiff, by her attorneys, Shutts, Smith & Bowen, and showed unto the court that service by publication was duly had upon the defendants, and moved the court to enter a default against the defendants for failure to appear, plead, answer or demur to the declaration filed in this cause.

And now again on the 29th day of August, 1912, comes the plaintiff, by her attorneys, Shutts, Smith & Bowen, and moves the court to enter a final judgment against the defendants, and the plaintiff filed in evidence cause of action sued on, to-wit: copy of promissory note made and executed by the defendants to the plaintiff, and the clerk, having ascertained that there is due the plaintiff the principal sum of twelve hundred seventy and No/100

dollars, and interest thereon amounting to four hundred forty-four and 6/100 dollars;

It is, therefore, considered by the court that the plain-tiff do have and recover of and from the defendant, J. W. Busard & Jennie G., the sum of $1270.00 principal, and $444.06 interest thereon, together with the costs of this proceeding, which are hereby taxed at $7.26, for which let execution issue.

Z. T. MERRITT,

Clerk Circuit Court.

By J. B. HAWKINS,

Deputy Clerk."

A writ of error was sued out from this judgment.

The record does not show that a default was entered.

There are six assignments of error, but it is only necessary to consider two of them. The first questions the authority of the clerk to enter the judgment.

Section 1426, Gen. Stats. of 1906, provides for a default and final judgment upon constructive service. This section is substantially taken from Section 8, Chapter 1938 of the Act of February 24th, 1873. In the case of Marshall v. Ravisies, 22 Fla. 583, this court construed this section and held: "A final judgment for default in pleading in an action commenced by attachment of property cannot be rendered by the Clerk of the Circuit Court in vacation against a defendant of whom the court has not acquired personal jurisdiction. The judgment in such case can be rendered only by the court in term, or by the judge in vacation." The judgment was unauthorized and reversible on writ of error.

Other assignments based on the judgment need not be considered as the questions presented may not arise again. As to the sufficiency of the publication notice, it need not be considered as the prosecution of the writ

of error operates as a general appearance.    Drew Lumber Co. v. Walter, 45 Fla. 252, 34 South. Rep. 244; Hayman v. Weil, 53 Fla. 127, 44 South. Rep. 176; Barwick v. Rouse, 53 Fla. 643, 43 South. Rep. 753.

The judgment below is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.