HARRY E. HENRY, *Plaintiff in Error*, v. WALTER L. SPIT-LER, *Defendant in Error*.

### Opinion Filed March 3, 1914.

1. In an action of replevin, where the defendant enters a special appearance "for the purpose of moving to quash the return to the writ of replevin" and files his motion to that effect, which is denied, and the defendant then proceeds to defend the action on the merits, he will be considered to have waived any defect which may exist in the service of the writ.

2. A defendant in an action at law, who has appeared specially for the purpose of contesting the validity of the service of the summons upon him and such matter has been determined adversely to him, in order to preserve his status as not having been properly served with the summons, so as to give the court jurisdiction over his person, must refrain from taking any subsequent steps to defend the action upon the merits. in the event he proceeds to a trial upon the merits, he can not thereafter in an appellate court be permitted to raise such question of jurisdiction, but will be held to have entered a general appearance.

3. A writ of error to what purports to be a final judgment of a Circuit Court operates as a general appearance in the case of the party taking such writ.

4. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the respective rulings of the trial court.

5. If a defendant in an action of replevin conceives that the declaration filed therein is defective in failing to specify the county in which the property which forms the subject-matter of the controversy is detained, he should test the sufficiency of the declaration by demurring thereto.

6. Venue laid in the margin, not repeated in the body of the declaration, is sufficient, though the action be local.

7. An assignment based upon the denial of the motion for a new trial cannot be considered by an appellate court, in the absence of an exception to such ruling.

Writ of Error to Circuit Court for Pinellas County; F. M. Robles, Judge.

Judgment affirmed.

*Davis* & *Sellers* and *W. H. Surrency,* for Plaintiff in Error.

*Wall* & *McKay,* for Defendant in Error.

SHACKLEFORD, C. J.—Walter L. Spitler instituted an action of replevin against Harry E. Henry to recover the possession of certain described mules. The property was re-delivered to the defendant upon the filing of a forthcoming bond in accordance with the statutory provisions. On the 7th day of April, 1913, the return day of the writ, the defendant entered his special appearance "for the purpose of moving to quash the return to the writ of replevin" and filed the following motion:

"The defendant, Harry E. Henry, by his attorneys for the purpose hereinabove stated, and under his special appearance herein filed, respectfully moves the court to quash the return of the sheriff to the writ of replevin issued in the above-stated cause, upon the following grounds and for the following reasons:

(1)   It affirmatively appears from said return to the writ of replevin that no effectual and valid service of the same has been made.

(2)   It affirmatively appears from said return that this defendant has not been summoned to appear in said cause by proper and effectual service of. process in the manner required by law.

(3)   It affirmatively appears from said return that this court has never acquired jurisdiction of the person of this defendant.

(4)   And for other good and sufficient reasons apparent upon the face of the return to the said writ of replevin.

Wherefore the defendant prays that the said return may be quashed."

This motion was denied and the defendant allowed until the August Rule day in which to plead, on which day he filed his plea of not guilty. A trial was had before a jury, which resulted in a verdict in favor of the plaintiff. Upon this verdict a judgment was rendered and entered against the defendant and the sureties upon his forthcoming bond, which judgment the defendant has brought here for review.

The first and second assignments are based upon the denial of the motion "to quash and set aside the sheriff's return to the writ and summons in replevin issued in said cause." It is contended by the plaintiff that these assignments have been waived by the defendant both

by the filing of his forthcoming bond and by subsequently pleading and going to trial upon the merits, so that they are not open to consideration by us. While there is much conflict in the authorities upon this point, we are of the opinion that this contention must be sustained. In fact, we are committed to the doctrine that, after the denial of a motion to set aside the service of the process by which the suit was commenced because there was no legal service upon the defendant, the defendant waives this point by pleading issuably to the declaration and going to trial upon the merits. Florida Railroad Co. v. Gensler, 14 Fla. 122. It is true that subsequent to this decision the point was again before this court and was left undetermined because only two members thereof participated therein. Mr. Chief Justice Maxwell held, as is set forth in the first headnote in Stephens v. Bradley, 24 Fla. 201, 3 South. Rep. 415: "If after special appearance to set aside service of summons, the court refusing to set it aside, the defendant appears to defend the action, he will be considered to have waived the defect of service." Mr. Justice Raney refused to concur therein for the reasons stated in his opinion. We think that Mr. Chief Justice Maxwell was right, and hereby copy with approval the following excerpt from his opinion:

"The first error assigned is against the action of the court in overruling the motion 'to quash the writ and in sustaining the service.' We find in the record no motion to quash the writ, but only to 'quash the service of the writ,' and as to that it is needless to specify the grounds of the motion, as the error, if there was one, was cured under the rule adopted in this State, by the conduct of the defendants in afterwards appearing to demur and file pleas. Florida Railroad Company v. Gensler, *et al.,*

14 Fla. 123. The statute which authorizes a party to plead over after his demurrer has been overruled, without being deemed to have waived the benefit of his demurrer on appeal to this court, has no application to a case where a party, notwithstanding defective process or defective service, of process, waives his objections, whether overruled by the court or not, by appearing generally to defend the suit."

We are strengthened in the correctness of this conclusion by the vigorous and well reasoned opinion rendered by Mr. Justice Marshall in Corbett v. Physicians' Casualty Association, 135 Wis. 505, 115 N. W. Rep. 365, 16 L. R. A. (N. S.) 177. The authorities upon each side of the question will be found collected in the case note to this opinion on page 177 of 16 L. R. A. One of the latest and most strongly reasoned opinions on the other side of the question is that of Mr. Justice Poffenbarger in Fisher v. Crowley, 57 W. Va. 312, 50 S. E. Rep. 422, 4 Ann. Cas. 282, the effect of which is weakened, however, by the forcible dissenting opinion rendered by Mr. Justice Sanders. A valuable case note will also be found on page 290 of 4 Ann. Cas. Even if we should hold that the court erred in the denial of the motion, as to which we express no opinion, and should for that reason reverse the judgment, the defendant would then be in court. See Busard v. Houston, 65 Fla. 479, 62 South. Rep. 483, following prior decisions in holding that "A writ of error from what purports to be a final judgment of a Circuit Court operates as a general appearance in the case of the parties taking the writ." Having reached this conclusion, it becomes unnecessary to determine whether or not the filing of a forthcoming bond by the defendant in an action of replevin constitutes a general appearance. Upon this point also the authorities are in

conflict. See Fowler v. Fowler, 15 Okla. 529, 82 Pac. Rep. 923; Cheatham v. Morrison, 37 S. C. 187, 15 S. E. Rep. 924; Morrow v. Nowell-Shapleigh Hardware Co., 165 Ala. 331, 51 South Rep. 766.

The third and fourth assignments are as follows:

"(3)  The court erred in denying the defendant's motion made during the progress of the trial in said cause, to strike from the testimony in said cause the question propounded to, and the answer of the witness, Walter L. Spitler, relating to the place where the property in litigation was located at the time of the commencement of this suit.

"(4)  The court erred in refusing to strike from the testimony in said cause the fact testified to by the witness Walter L. Spitler, that the property in litigation was within the county of Pinellas at the time of the commencement of this suit, and within said county was levied upon by the sheriff under the writ of replevin issued in said cause."

The bill of exceptions discloses the following proceedings relative to these assignments:

"On the 12th day of September, A. D., 1913, during a term of said court, the issue joined between the parties came on to be tried before a jury, and thereupon the plaintiff, being sworn in his own behalf, in answer to an interrogatory thereto, testified in substance: That the property described in the writ of replevin was located in the county of Pinellas, State of Florida, at the time of the commencement of his suit, and within said county was levied upon by the sheriff under the said writ.

But to the said matter so offered to be proved by the said witness, the said Walter L. Spitler, the defendant did then and there object by moving the court to strike from the testimony in said cause the said interrogatory

and the said matter just stated as in answer thereto, upon the following grounds:

(1) Because the testimony offered to be proved by the said witness was with reference to a fact not properly in issue under the pleadings.

(2) Because the declaration contained no allegation of the place in which the said property sought to be replevined was supposed to be detained.

(3) Because the declaration filed by the plaintiff contained no statement as to the locality of the action.

But the said Judge did then and there overrule the said objections by denying the said motion of the defendant; and admitted the said testimony. To which ruling the defendant then and there excepted."

As will be seen, it does not clearly appear whether the defendant interposed an objection to the question propounded prior to the answer of the witness thereto or waited until after the witness had given his answer and then moved to strike both the question and the answer. As we have repeatedly held, it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the respective rulings of the trial court. McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940, and prior decisions therein cited. See also Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820; Seaboard Air Line Ry. v. Harby, 55 Fla. 555, 46 South. Rep. 590; Covington v. Clements, 61 Fla. 151, 55 South. Rep. 81, in all of which cases we were confronted with a similar difficulty to the one encountered here. We would also refer to our discussion as to the proper course to pursue in objecting to proffered testimony and in moving to strike out improper testimony in McMillan v. Reese, 61 Fla. 360, 55 South.

Rep. 388. In either event, we are of the opinion that no error has been made to appear to us. The defendant did not see fit to test the sufficiency of the declaration by demurring thereto, as he might have done if he had conceived that it was defective in failing to specify the county in which the property which formed the subject-matter of the controversy was detained, but pleaded to the declaration and went to trial on the merits. The testimony complained of would seem to be perfectly relevant and proper. See Temple v. Florida Land & Immigration Co., 23 Fla. 400, 2 South. Rep. 773, wherein it was held that venue laid in the margin, as was done in the instant case,. though not repeated in the body of the declaration; is sufficient though the action be local. What we have said also sufficiently disposes of the fifth assignment, which is to the effect that the declaration fails to state a cause of action. We cannot consider the sixth assignment, which is based upon the denial of the motion for a new trial, for the reason that such ruling was not excepted to. Johnson v. State, 53 Fla. 42, 43 South. Rep. 430; Phillips v. State, 62 Fla. 77, 57 South. Rep. 341; Andrews v. State, 65 Fla. 377, 61 South. Rep. 975. The remaining assignment that the judgment was contrary to law has been disposed of in our discussion of the other assignments. Having found no reversible error, the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.