WALTER CORNWELL, *Appellant,* v. A. B. WILLIFORD, *Appellee.*

Opinion Filed February 8, 1917.

Petition for Rehearing Denied February 20, 1917.

1. Allegations of fact which are well pleaded and not those which amount to mere conclusions of law are admitted by a demurrer.

2. In a bill for the removal of a cloud upon complainant's title to real estate, where he undertakes to set out his title, but does it defectively, the defects thus appearing in the bill are not cured by general allegations of ownership.

3. In a case at law commenced by attachment against a defendant residing out of the State, the Clerk of the Court in which the suit is pending is not authorized, upon default entered against defendant for not appearing, to render final judgment against the defendant in vacation, even though the defendant was personally served out of the State with notice of the institution of the suit against him.

4. The Clerk of the Circuit Court is empowered to enter judgments upon default for want of appearance, demurrer or plea only in such cases in which the court has obtained jurisdiction of the person of the defendant.

5. In a case commenced by attachment in which the defendant resides out of the State, personal service upon the defendant of notice of the attachment, under the provisions of Section 2122 of the General Statutes of Florida, 1906, does not give the court jurisdiction of the person of the defendant.

6. A judgment rendered by the Clerk of the Circuit Court in vacation against a defendant of whom the court has not acquired personal jurisdiction in an action commenced by attachment is void, and a sheriff's deed to the lands attached and afterwards levied upon and sold under an execution issued upon such judgment is void, and will be set aside as a cloud upon the title of the person holding the legal title to such lands.

Appeal from Circuit Court for DeSoto County; F. A. Whitney, Judge.

Order reversed.

*Leitner & Leitner,* for Appellant;

*Treadwell & Treadwell,* for Appellee.

PER CURIAM.—The appellant exhibited his bill against appellee in the Circuit Court for DeSoto County to remove a cloud upon the title to certain lands described in the bill.

There was a demurrer to the bill for want of equity, and the demurrer was sustained with leave to the complainant to amend. He appealed from the order.

According to the bill the complainant bought the land from F. B. Lowman on April 12, 1912; it does not appear, however, that he obtained a deed from Lowman, nor that the deed was ever recorded. The bill alleges, however, that complainant is the owner in fee of the lands. The cloud which complainant desires to remove consists of a deed to the lands executed by the Sheriff of DeSoto County in favor of the defendant, on December 7th, 1915. This deed was based upon a judgment obtained by J. L. Jones against F. B. Lowman in the Circuit Court for DeSoto County, and entered by the Clerk on the 7th day of September, 1915, on a default entered on the Rule Day of that month. The suit was commenced by attachment, the defendant resided out of the State, in Kansas City, Missouri. The notice of the institution of the suit was a personal one, service of which was made on Lowman by a Deputy Sheriff of Jackson County, Missouri, the residence of Lowman,

proof of the service was made by the affidavit of the person who served the notice and the affidavit was made before a judicial officer, *viz.*, the judge of the Circuit Court of Jackson County, Missouri; a seal was attached and the signature of the Judge certified to by the Clerk of that court under its seal. These affidavits showed that service was made on Lowman July 12, 1915.

Appellant contends that the allegations of the bill that complainant owns the land and defendant has a deed based on a void judgment, were allegations of fact admitted by the demurrer. Allegations of fact which are well pleaded, and not those allegations amounting to conclusions of law, are admitted by the demurrer. McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35; Brown v. Avery, 63 Fla. 355, 58 South. Rep. 34.

Where complainant undertakes to set out his title and does it defectively, the defects affirmatively appearing are not cured by general allegations of ownership. In this case, however, the complainant claims title under the same person under whom it is alleged the defendant claims, and the allegations of ownership are sufficient to show that the complainant had acquired the title of defendant's predecessor in title at the time the defendant obtained his deed through the Sheriff. The bill sufficiently shows that the Sheriff's deed to the defendant rests upon a judgment against Lowman, who was complainant's grantor, which is void in law, and could be attacked by the complainant whose title is affected thereby. The suit resulting in the judgment was commenced by attachment against a non-resident, notice of the institution of the suit was personally served upon him, he failed to appear and judgment by default was entered against him, whereupon the Clerk in vacation rendered the final judgment, which he was not authorized

to do.    See Section 1426 General Statutes of 1906, Florida Compiled Laws, 1914; Marshall v. Ravisies, 22 Fla. 583; Busard v. Houston, 65 Fla. 479, 62 South. Rep. 483.   The service of the notice of the institution of the suit upon Lowman, which was made under the provisions of Section 2122 General Statutes of 1906, did not give the court jurisdiction of his person, in which case the Clerk was not empowered to render the final judgment.

. . The attachment was a lien upon the land.   See 4 Cyc. 572.   Complainant may exercise the right to discharge the lien of this attachment by payment of the debt, or the lien may never be perfected by the entry of a valid judgment.   The complainant, however, may have the deed to defendant cancelled as void, and the judgment which was rendered declared to be void.   The demurrer should not have been sustained.   The order is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD, and ELLIS JJ., concur.