Atlantic Coast Line Railroad Company, a Corporation, *Plaintiff in Error,* v. Guy W. Lamphear, *Defendant in Error.*

146 So. 847.

Opinion filed March 13, 1933.

*T. Paine Kelly,* for Plaintiff in Error;

*Jones & White,* for Defendant in Error.

Whitfield, P. J.—Guy W. Lamphear obtained a judgment for $1500.00 damages for loss of services and of the society and comfort of his wife who was fatally injured at a grade crossing in the city of Clearwater, Florida, it

being alleged that the defendant railroad company "carelessly and negligently propelled and ran its train against and upon the automobile in which the" plaintiff's wife "was driving." It is also alleged in the separate counts that the train was then being propelled at an excessive rate of speed, at a speed in excess of that fixed by a city ordinance and that the defendant then and there failed to sound an alarm in approaching the crossing. A motion for a directed verdict for the defendant was made at the conclusion of all the testimony upon grounds "that there is no evidence upon which a verdict for the plaintiff could be predicated in that there is no evidence of any negligence which could have been or which was the proximate cause of the accident, and that the evidence shows that this accident was caused solely by the negligence of the plaintiff's wife, Mrs. Lamphear." This motion was denied and an exception noted. A motion for new trial was denied but no exception was taken to the order denying such motion.

On writ of error taken by the defendant below, errors are asserted on admitting evidence to prove an ordinance of the city regulating the speed of trains; on the denial of motion for a directed verdict for the defendant; on denial of motion for new trial; and on giving of charges quoted in the motion for new trial.

The statutes of the State contain the following:

"A railroad company shall be liable for any damage done to persons, stock or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agent had exercised all ordinary and reasonable care and diligence, the presumption in all

cases being against the company." Sec. 7051 (4964) C. G. L.

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of 'the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

Sec. 7052 (4965) C. G. L.

Sections 1 and 2 of Chapter 521, Acts of 1853, now Sections 4608 (2903), 4609 (2904), Compiled General Laws, provide that orders granting or denying motions for new trial at law shall be excepted to and may be assigned as error.

Section 5, Chapter 5898, Acts of 1909, Section 4637 (2918), Compiled General Laws, provides that it shall be the duty of the court on appeal or writ of error "to examine the record" and "to give such judgment * * * or decree as the court below ought to have given, or as to it may appear according to law."

Section 1, Chapter 6323, Acts of 1911, Section 4499 (2812), Compiled General Laws, provides that no judgment shall be set aside or reversed or new trial granted by any court of the State of Florida for error as to any matter of pleading or procedure, unless in the opinion of the court, "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."

The evidence shows the collision occurred as alleged at a crossing in the city of Clearwater, the defendant's train going down a slight grade and the plaintiff's decedent

approaching at right angles driving an automobile with considerable obstruction to the view until the train and automobile were quite near the crossing. The injury alleged as a result of the collision is shown.

There was evidence of excessive speed of the train without the city ordinance limiting the speed and no harmful error appears in permitting the ordinance to be introduced as rebuttal evidence.

There is ample evidence to support a verdict for the plaintiff even though the plaintiff's decedent may have negligently contributed to her fatal injury, which contributory negligence, under the statute, would not bar recovery but would reduce the damages to be awarded. The motion for a directed verdict made at the conclusion of all the testimony was properly denied.

In neither the motion for new trial nor in assigning here as error the giving of stated charges, is it asserted that the charges assigned as error so interpret the statute relating to presumptions of negligence as to deny to the defendant due process of law in violation of the Federal constitution. See S. A. L. Ry. v. Watson, U. S. Supreme Ct., Nov. 7, 1932.

No exception was taken to the order denying defendant's motion for a new trial and there is no assignment of error asserting the insufficiency of the evidence to sustain the verdict, though grounds of the motion for new trial do assert the insufficiency of the evidence to sustain the verdict. But under the statutes herein quoted, in determining whether harmful error is shown in charges given, the court may consider the other charges given and the duly authenticated evidence in connection with errors assigned on charges given, even though the charges were not excepted to when given, if as in this case the charges com-

plained of were properly authenticated and made a ground of the motion for new trial and thereby duly excepted to under Section 4367 (2700) Compiled General Laws. The failure to except to the order denying a new trial does not prevent a proper consideration here of the motion for new trial for authorized purposes, though it may not be regarded as a basis for appellate consideration of assignments of error, or grounds of the motion for new trial, asserting the insufficiency of the evidence to sustain the verdict. Henry v. Spitler, 67 Fla. 146, 64 So. 745, Ann. Cas. 1916 E. 1267; Bell v. Niles, 61 Fla. 114, 55 So. 392; Alexander v. Rhine, 78 Fla. 313, 82 So. 831; Andrews v. State, 65 Fla. 377, 61 So. 975; Phillips v. State, 62 Fla. 77, 57 So. 341; McDonald v. State 46 Fla. 149, 35 So. 72; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194; Johnson v. State, 53 Fla. 42, 43 So. 430; Colman v. State, 43 Fla. 543, 30 So. 684.

The Supreme Court has "appellate jurisdiction in all cases at law and in equity originating in the Circuit Courts," Sec. 5, Art. III, Constitution, and does not require assignments of error in appellate proceedings, to state that the matter assigned as error violates specific provisions of organic law.

One assignment of error is the giving of the following charges which were excepted to in the motion for new trial.

"Now, to prevent a recovery, the defendant railroad company is required to show by a preponderance of probative evidence that its employees were not negilgent as alleged, or that only the party injured was at fault, or that the whole cause of the injury was the negligence of the plaintiff's wife—in this case the deceased wife of the plaintiff."

"The plaintiff having shown that the injury was caused by the defendant's train, if the defendant fails to relieve itself from the presumption of negligence thereby raised, it will be your duty to find for the plaintiff. If the evidence of the defendant, standing alone, is sufficient to relieve the defendant of the presumption of negligence, then it will be your duty to consider the whole evidence of the question of negligence—the evidence of the plaintiff as well as that of the defendant, and upon such consideration of the whole evidence, if such evidence preponderates, that is to say, is more convincing in favor of the plaintiff, or if such evidence should fail to preponderate in favor of the defendant on the question of negligence, it will be your duty to return a verdict for the plaintiff. In other words, if, upon a consideration of the whole evidence, the defendant fails to convince you by a preponderance of such evidence, was not the proximate cause, or a proximate contributing cause of plaintiff's injury, then, in such case, the defendant has failed to meet the burden imposed upon it by law, and you should find for the plaintiff."

Some portions of the quoted charges may inaccurately interpret the legal effect of Section 7051 (4964) Compiled General Laws, as applied to the issue and evidence in this case, but in view of the entire evidence which is duly authenticated and made a part of the record and should, under Sections 4637 (2918), 4499 (2812) Compiled General Laws, be considered in determining whether harmful error appears, and what judgment should be rendered here on writ of error, any inaccuracies in the charge as to the burden of proof are rendered harmless by other portions of the charge given to the jury and not asserted to be erroneous.

The paragraph of the charge first quoted above was immediately followed by a charge that:

"By saying that the plaintiff must prove his case by a fair preponderance of the evidence, and that the defendant must show absence of negligence on its part by a preponderance of the evidence, I charge you that this does not necessarily mean the greater number of witnesses on the one side or the other; but it means that evidence which is the most satisfactory and convincing to you, as jurors, or that evidence which has the most probative force in your minds."

Other charges given were:

"If the weight of the evidence preponderates in favor of the defendant, the plaintiff is not entitled to recover, notwithstanding the provisions of the statute that the presumption in all cases is against the defendant. Such provision merely puts the burden upon the defendant railroad company to make it appear that its employees were not negligent, as alleged, when the injury is duly shown to have been done by the operation of its trains. The presumption of negligence that the statute puts upon the defendant railroad company on the stated showing does not outweigh evidence that may be adduced to show that the defendant's employees were not negligent as alleged, but the statute merely requires the defendant railroad company to adduce evidence to remove the presumption of negligence placed by the statute upon the rairoad company when an injury caused by the running of its locomotive or cars is duly shown."

"The plaintiff cannot recover damages from the railroad company for such injuries as he may have sustained, unless plaintiff clearly makes it appear by a preponderance of the evidence that the defendant company was guilty of neg-

ligence in failing to observe some duty which it owed to the public in general or to the person in particular, and that such failure was the proximate cause of the injury."

"The statute of this State merely places upon the railroad company, in the event of injury to persons or damage to property by the operation of a train, the burden of showing that such warnings were given, of the approach of the engine to the crossing, and upon the railroad company showing by complete evidence that it did discharge its duty by giving such warnings, it has met the burden placed upon it by law, and if, despite such warning, a traveller goes upon the railroad crossing and is injured by a collision, the proximate cause of his injury is his failure to exercise the degree of care imposed upon him by law, and under such circumstances, he would have no right of recovery from the railroad company for such injuries."

"If you find from the evidence in this case that the decedent would have been precluded from recovery for injuries received by her had she not been killed, the plaintiff in this case is likewise precluded, and your verdict should be for the defendant."

"If you should find that this was an unavoidable accident; that the railroad company was not responsible for it, nor was Mrs. Lamphear responsible for it, your verdict should be for the defendant."

The declaration states in two separate counts specific acts of commission and omission that are alleged to have constituted the negligence of the defendant which caused the injury complained of; and the evidence as a whole warranted a finding of negligence of the defendant and proximately resulting injury as alleged, so there was no occasion for fine distinctions to be drawn in the charges as to the burden or quantum of proof of liability of the defendant

for at least some substantial recovery; therefore inaccuracies in charges interpreting the effect of the statute on that point could not reasonably have been harmful to the defendant, particularly in view of other unchallenged charges that were given, and of the amount of the verdict approved by the trial court in rendering judgment on the verdict.

Even if the evidence may show the plaintiff's decedent did not have her car at proper speed and under entire control, or that she was negligent in not looking up and down the railroad track for a possible approaching train before driving near the track at the known crossing, the evidence sufficiently supports a finding of negligence of the defendant as a proximate cause of the injury, and consequent liability of the defendant, because of excessive speed and lack of control of the train for emergency stopping at a known crossing in a city.

The verdict for $1500.00, when the claim was for $2,995.00 damages, indicated a finding of negligence and also contributory negligence, and there is nothing in the record to indicate that the verdict is a result of the charges complained of, or is unfair to the defendant.

Affirmed.

DAVIS, C. J., and TERRELL and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.