ATLANTIC COAST LINE R. R. CO. v. ROBERT FRANKLIN LAMPHEAR.

153 So. 916.

Division A.

Opinion Filed March 7, 1934.

T. *Paine Kelly,* for Plaintiff in Error.

*Jones & White,* for Defendant in Error.

PER CURIAM.—This case is controlled in its major aspects by the opinion of this Court in the companion case of Atlantic Coast Line R. Co. v. Lamphear, 109 Fla. 25, 146 Sou. Rep. 847, in that by stipulation of the parties in the court below it was agreed that the question of liability of the defendant in this case should be determined according to the decision of the Supreme Court in the companion case, wherein liability of the railroad company in the premises was upheld by the affirmance of the judgment in said companion case. The facts and circumstances of this case are identical with those in the companion case. The only difference is that in this case the suit was prosecuted on behalf of a five-year-old child, who, as an occupant of the automobile involved in the fatal injuries considered in the other case, was injured at the same time.

We cannot say on the present appeal that a recovery of $2,300.00 by a five-year-old child, for his permanent facial disfigurement and the consequent pain and suffering experienced by him as the result of an injury that occasioned the necessity of twenty-six stitches to sew it up because of the fact that the whole side of his face was lying over his head so that his teeth and jaw were visible through the hole in his face, is so excessive as to shock the judicial conscience. The evidence shows that the plaintiff's face did not heal for several months and that the boy suffered to such extent that he had to take his food through a glass

tube during the period of two weeks that he was in the hospital. It was also shown at the trial had nearly three years after the injury, that an ugly scar still remained on the boy's face and had the appearance of being permanent.

So the judgment must be affirmed and it is so ordered.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.