JAMES H. STEPHENS, PLAINTIFF IN ERROR, vs. THOMAS P. BRADLEY, DEFENDANT IN ERROR.

1. If after special appearance to set aside service of summons, the court refusing to set it aside, the defendant appears to defend the action, he will be considered to have waived the defect of service. (MAXWELL, C. J.)

2. Where the record does not disclose the grounds of a motion to set aside the service of a writ, the order of the Circuit Judge denying the motion must be presumed to be correct and will be affirmed.

3. The statute saving right to have the merits of a demurrer considered on appeal, notwithstanding pleas in defence afterwards, has no application to a motion to set aside service of process.

4. Change of venue belongs to the discretion of the court, and its ruling will not be disturbed here, unless it clearly appears there was an abuse of that discretion.

5. A declaration in trespass to the person which alleges facts clearly showing violence and forcible abuse, is sufficiently specific, though it may contain matters not necessary to be alleged ; and such declaration need not contain particulars of demand, nor, if the facts were connected with ejection from lands, need there be a particular description of such lands.

6. Causes of demurrer should be indicated in its margin, and when not so indicated, the practice of presenting them in argument should be discouraged.

Writ of error to Circuit Court for Taylor county.

[Mr. Justice VanValkenburgh did not take part in the decision of this case, and Mr. Justice Raney not concurring in the matter embraced in the first head note hereto, it was consequently not decided.—REPORTER.]

The facts of the case are stated in the opinion.

*W. S. Hamby* and *White & White* for Plaintiff in Error.

*J. N. Stripling* for Defendant in Error.

The CHIEF-JUSTICE delivered the following opinion :

The defendant in error brought his action of trespass *vi et armis* against the plaintiff in error and two others ; but these two were subsequently dropped out of the case, one by death and the other by dismissal as to him. There was special appearance for the defendants with a view to quash the service of the writ, but the court refused to do so. The defendants then demurred to the declaration, and the demurrer was also overruled. Afterwards pleas were filed, and a trial was had between plaintiff and defendant in error on issues made thereon, which resulted in a judgment of $1,000 against plaintiff in error. The case is here on writ of error, and without a bill of exceptions.

The first error assigned is against the action of the court in overruling the motion " to quash the writ and in sustaining the service." We find in the record no motion to quash the writ, but only to " quash the service of the writ," and as to that it is needless to specify the grounds of the motion, as the error, if there was one, was cured under the rule adopted in this State, by the conduct of the defendants in afterwards appearing to demur and file pleas. Florida Railroad Company vs. Gensler *et al.*, 14 Fla., 123. The statute which authorizes a party to plead over after his demurrer has been overruled, without being deemed to have waived the benefit of his demurrer on appeal to this court, has no application to a case where a party, notwithstanding defective process or defective service of process, waives his objections, whether overruled by the court or not, by appearing generally to defend the suit.

The 2d, 5th and 6th errors assigned are abandoned ; and the 4th, which complains of the refusal of the court to grant a change of venue, is not supported by argument, and there is nothing before us to show the reasons of the court

for its refusal, or the evidence, if any, upon which it acted. Whether the venue should have been changed was a matter of discretion with the court, not to be disturbed by this court, unless it clearly appears there was an abuse of that discretion. McNealy *et al.* vs. State, 17 Fla., 198.

The principal questions in the case grow out of the demurrer to the declaration, the overruling of which is the error assigned that we now proceed to consider. The declaration contains two counts. We will confine our attention to the first. The second is so obviously faulty we pass it by without other comment. The first alleges that on the 10th day of May, 1880, defendant made an assault on plaintiff, and with great force and violence seized plaintiff, pulling large quantities of hair from his head, and gave him many violent blows on his face, head and arms and other parts of his body, and threw him out of possession of his premises, consisting of 240 acres of land, with a good dwelling, kitchen, barn, stables, &c., thereon, and orange trees, some bearing and others not bearing, and other valuable bearing fruit trees, others not bearing, and also a good crop on the land, consisting of corn, potatoes, cane, &c.; and then and there plaintiff was deprived of working said crop and preparing to harvest the same. Also threw all of plaintiff's household and kitchen furniture and 2,000 pounds of bacon out of doors, and left them exposed to the weather, whereby they were greatly damaged, viz: to the extent of $500; also rent, tore and damaged plaintiff's wearing apparel. Also seized the wife of plaintiff, who was in delicate health, and beat, wounded and ill-treated her, and threw her out of possession of the premises and exposed her to malarial atmosphere, and rent, tore and damaged her wearing apparel. Also maltreated plaintiff's children, pulling hair from their heads, giving them many violent blows and throwing them out of the premises, and tearing and damag-

ing their wearing apparel. By means of which said several premises the plaintiff and his family were then and there greatly hurt, bruised and wounded, became sick, sore, lame and disordered, and so continued for a long time, viz : twelve weeks, during which time he and his family suffered great pain, and were prevented from transacting their necessary business ; and also thereby plaintiff was obliged to and did expend $250 in and about the curing of the wounds, bruises, &c., received as aforesaid. The damage alleged is $2,000.

The grounds of demurrer to the declaration are :

1st. That the allegations are not specific enough to demand a response from defendant.

2d. There are no particulars of demands set forth in the declaration.

3d. The description of the land is not sufficiently designated, and for other causes.

That the facts alleged by plaintiff and admitted by defendant in the demurrer are sufficient to constitute a trespass, on the plaintiff, is to our apprehension undeniable. To seize a man, and, with violence of the character described, thrust him off his premises, maltreating him in an outrageous manner, with no excuse for such treatment, so for as the pleadings show, is certainly a case of wrong which the law should be diligent to rectify. What specific allegations could more plainly fix the wrong than those set forth by plaintiff, it is difficult to conceive. It is a narration of wanton violence. If there was any pretence of justification for it, that does not appear and we are not at liberty to go beyond the admitted facts in search of any.

The other grounds of demurrer, as to particulars of demand and insufficient description of land, are plainly untenable. In an action like this no particulars of demand are required. It is sufficient to describe the trespass and to

claim the damages resulting therefrom, indicating, if deemed advisable, as is done in this declaration, any special damages claimed to have been sustained. Even if a bill of particulars could be required the failure to file it cannot be taken advantage of by demurrer to the declaration. Barbee vs. Jacksonville and Alligator Plank Road Co., 6 Fla., 262. Nor is any particular description of the land, in regard to which the trespass is committed, necessary. The trespass is to the person, not to the land, and such trespass concerns facts that do not involve particular description of the premises on which it was committed.

What the "other causes" of demurrer are, is not indicated by the demurrer itself, and for that reason may well be left out of consideration, although we find in the brief for plaintiff in error the causes relied on. It would be encouraging a practice in violation of the statute (McClellan's Digest, Sec. 92, p. 833,) which requires that some substantial matter of law intended to be argued shall be stated in the margin of the demurrer, to enter upon questions as to the sufficiency of a pleading not clearly bad in substance when presented here, so far as appears, for the first time. In this case we have considered the points stated in the brief of counsel, but we do not find the declaration bad on the grounds presented, and therefore have the less hesitation in not sanctioning a departure from the practice prescribed by the statute by giving our reasons for an adverse conclusion.

The judgment is affirmed.

Mr. Justice Raney delivered the following opinion :

The record in this case does not show upon what grounds the motion to quash the service of the summons ad respondendum was based. As the rulings of Circuit Judges are presumed to be correct in the absence of an affirmative

showing to the contrary, the order denying the motion must be affirmed. I am not satisfied however that a plea to the merits waives the benefit of an exception, duly made and noted, to a ruling sustaining an illegal service of jurisdictional process, which has been properly questioned on special appearance. Harkness vs. Hyde, 98 U. S., 476; Lente vs. Clark, 22 Fla., 518. It is, however, not necessary or proper to discuss this question here.

The first count of the declaration is good in substance, or in other words states a sufficient cause of action in favor of the plaintiff, Bradley, and is not demurrable (§90, p. 833, McC's. Dig.), though there is in it much that the Circuit Judge would doubtless have required to be either reformed or struck out had it been properly assailed (§§54, 55, p. 826, McC's. Dig.) The demurrer interposed was properly overruled and in the absence of a bill of exceptions the verdict and judgment must be affirmed, the declaration being sufficient in substance to sustain them.