ROME INSURANCE COMPANY, A GEORGIA CORPORATION, AND OTHERS, *Appellants*, v. J. H. CORBETT, *Appellee*.

Opinion Filed December 9, 1913.

When the statute providing for constructive service by publica-tion in equity has been complied with, the court upon motion to quash the service need not pass upon the power to enter the ultimate decree in the cause.

Appealed from Circuit Court of Hamilton County; Mallory F. Horne, Judge.

Order affirmed.

*Kay & Doggett,* for Appellants;

*S. S. Sandford* and *Carter & McCollum,* for Appellee.

COCKRELL, J.—A bill was filed in the Circuit Court for Hamilton County against local defendants and also certain non-resident corporations, seeking to impound a fund in that county arising out of an alleged fraudulent transaction consummated in that county. Constructive service, in perfect accordance with the statute, was had by publication, and the non-resident corporations appeared specially to quash the service upon the theory that the sole relief prayed was *in personam,* and that therefore the statute authorizing constructive service by publication does not apply. This motion having been denied these non-residents have sued out what they term a special appeal.

It may well be that this appeal so operates as a general appearance in the Circuit Court, as to render the question before us a moot one, but the appellee does not ask us to so hold, and it appears that this is but a test case, upon the decision of which many other cases in that court are depending.

The bill confines its prayer to an adjudication of the fund sought to be impounded, and does not pray for a general personal decree against these non-residents, and we are not to assume upon the face of the bill that the Circuit Court will enter an unauthorized decree; and we have not before us any such question of jurisdiction as was involved in the case of Pennoyer v. Neff, 95 U. S. 714.

The purpose of the statute authorizing constructive service by publication is to notify non-residents of the pending suit so that they may if they care to do so, come into the case, and if the statute be followed, there is no right in the non-resident to quash this notice; he has his right if not waived, to object should the court thereafter commit an error against him.

Our constructive service statute is broad enough to apply to any suit in equity pending in our Circuit Courts, and as has been said in Kilpatrick v. Post, 53 N. J. Eq. 591, text 597, 32 Atl. Rep. 267, cannot be confined in its operation to the cases where the court might make final decree or judgment. Further that court says: "It was not intended, that the question of the power to enter the ultimate decree or judgment should enter into the question of the right to give notice of the suit to a non-resident, or that this question of jurisdiction should be settled on a motion to discharge the order of publication. The complainant is entitled to have the question of jurisdiction settled by a final decree."

We are not to be understood as holding that the court might not quash a service by publication, if the bill upon its face showed that it was clearly a common law cause of action, and that the resort to the equity side of the court was a subterfuge; the bill before us does not present that case.

The order is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.