## FIRST NAT. BANK OF ROME, GA., v. FIRST NAT. BANK OF JASPER, FLA.

(Circuit Court of Appeals, Fifth Circuit.   March 10, 1920.)

### No. 3430.

1. **Process** ⊜══86—**Constructive service against nonresident only good as to rights in res.**

   Constructive service can only bring nonresidents within the jurisdiction of a court, where there is a res in the control of the court, and then only for the sole purpose of adjudicating his rights, if any, to the res.

2. **Judgment** ⊜══17(3)—**Proceeds of discounted note not a res, justifying a judgment against nonresident on constructive service.**

   Where a buyer of stock discounted his note at a bank and paid the proceeds to the seller, who deposited them in the bank and received a certificate of deposit, and the proceeds of the note never became a special deposit, but were mingled indiscriminately with the bank's money, such proceeds did not constitute a res within the control of the court, conferring jurisdiction to render a decree on constructive service against the nonresident holder of the certificate of deposit.

3. **Appearance** ⊜══9(8)—**Appeal from order refusing to quash service not general appearance.**

   In the absence of an authoritative decision by the state court, the rule in Florida that an appeal from a final decree on the ground, among others, of insufficiency of the service is an appearance bringing the appellant rightfully into court, will not be extended to an appeal from an order refusing to quash the service, as the statute, as construed by the state court, authorizes such an appeal, and it is to be implied that some benefit may be derived from the appeal.

4. **Judgment** ⊜══714(2)—**Decree held to adjudge only rights in a supposed fund, and not to bar action on certificate of deposit.**

   Where a buyer of stock discounted his note at a bank and paid the proceeds to the seller, who deposited them in exchange for a certificate of deposit, a decree in a suit by the buyer against the seller, the bank, and a nonresident bank owning the certificate of deposit *held*, in view of the decision of the state Supreme Court construing the bill, to adjudge only the rights of nonresidents in a supposed fund in the bank issuing the certificate, and hence not to constitute a defense to an action on the certificate, even if the court had jurisdiction over the nonresident bank.

5. **Banks and banking** ⊜══152—**Bank is personally liable on certificate of deposit.**

   A certificate of deposit, executed by a bank, is in legal effect a duebill, and imports personal liability of the maker.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by the First National Bank of Rome, Ga., against the First National Bank of Jasper, Fla.   Judgment for defendant, and plaintiff brings error.   Reversed and remanded.

W. E. Kay, J. L. Doggett, and Henry C. Clark, all of Jacksonville, Fla., and L. A. Dean and J. E. Dean, both of Rome, Ga., for plaintiff in error.

Hilton S. Hampton and S. S. Sandford, both of Tampa, Fla., for defendant in error.

Before WALKER, Circuit Judge, and GRUBB and JACK, District Judges.

GRUBB, District Judge. This was a suit in the District Court upon a certificate of deposit brought by plaintiff in error as plaintiff against the defendant in error as defendant. Judgment for the defendant was based upon a plea that set up as a bar to the suit a decree of the circuit court of Hamilton county, Fla., in which one Corbett was plaintiff and the parties to the present suit and others were defendants. The sufficiency of the plea as a bar to the present suit depends upon (1) its validity and (2) its effect.

[1, 2] 1. First, as to its validity as against the plaintiff in this suit: At the time the Florida suit was brought, the present plaintiff was a nonresident of Florida, and was served by publication under a statute of Florida permitting such service. The sufficiency of the constructive service was assailed by a motion of the then defendant to set aside or quash the service, which was overruled by the circuit court. From the order overruling the motion an interlocutory appeal was taken to the Supreme Court of Florida, which affirmed the order of the circuit court for reasons hereafter stated. 66 Fla. 438, 63 South. 833. It is settled that constructive service can only bring nonresidents within the jurisdiction of a court where there is a res in the control of the court in which the nonresident has an interest, and then only for the sole purpose of adjudicating his rights, if any, to the res. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. This is the extent of the jurisdiction of a court to proceed upon substituted service, in the absence of personal service or appearance. At the foundation of this limited jurisdiction, based upon substituted service, is the control of a res by the court asserting it. If there is no such res, the court acquires no jurisdiction for any purpose over the person of a nonresident, upon constructive service.

The circuit court of Hamilton county, Fla., proceeded to final decree in the case of Corbett v. First National Bank of Jasper and others upon the theory that there was a res, in which the nonresidents were interested, in the control of that court, and the Supreme Court of Florida on appeal took the same view, and sustained the constructive service upon the nonresidents upon that idea. The supposed res was the proceeds of a note which the plaintiff, Corbett, had discounted at the Jasper Bank, for the purpose of paying for shares of the capital stock of the Rome Insurance Company, which he claimed to have been induced by fraud to purchase. The proceeds of the note were paid to the trustee for the insurance company, and immediately deposited by him in the Jasper Bank, which issued its certificate of deposit therefor to the said trustee. The present suit is brought by the holder of the certificate of deposit. It is upon the theory that the proceeds of the note, so deposited in the Jasper Bank, created a specific fund in that bank, control of which could be and was acquired by the Hamilton county circuit court by order of that court restraining its disposition, and thereby impounding it, that the two Florida courts acted. The correctness of the theory is essential to the jurisdiction of the Florida circuit court, for if there was no fund there could be no jurisdiction acquired by substituted service.

The proceeds of Corbett's note, when discounted, were paid to him

by the Jasper Bank; and by him to the trustee for the insurance company, which deposited them in the Jasper Bank, taking the bank's obligation therefor in the form of its certificate of deposit. Undoubtedly the transaction was accomplished by bookkeeping entries, no money passing. In any event, the proceeds of Corbett's note never became a special deposit or fund, but were mingled with the Jasper Bank's moneys indiscriminately when deposited, and the bank's general obligation substituted for the actual money. The certificate of deposit evidenced no particular fund or money, but the obligation of the bank to repay in like amount as deposited out of any of its assets. There being no res in the control of the circuit court of Hamilton county, jurisdiction was not conferred on that court over the nonresidents by substituted or constructive service. After the Supreme Court of Florida affirmed the appeal from the interlocutory order of the circuit court, sustaining the service, the nonresidents made no further appearance or answer, and the final decree, as to them, was one by default.

[3] It is contended by defendant in error that the effect of appealing from the interlocutory order by the plaintiff in error (defendant in the Corbett suit) was a general appearance on its part in that case, and conferred jurisdiction over its person on the circuit court on the remand of the case. The rule in Florida, differing from that which obtains in the federal courts, is to the effect that an appellant, though objecting to the sufficiency of service successfully, is considered in court upon the return of the case to the lower court. Conceding that this court will follow the rule of decision in the state court, in passing upon a judgment in that court, we think the Florida rule did not apply in the Corbett Case. The question of its applicability was suggested, but not decided, by the Supreme Court of Florida in its opinion in that case, because the appellee asked that the appeal be decided on another ground. The Supreme Court held that—

"If the statute be followed, there is no right in the nonresident to quash this notice [by publication]; he has his right, if not waived, to object should the court thereafter commit an error against him."

The order of the circuit court was for that reason affirmed, apparently leaving the sufficiency and effect of the substituted service to be determined by the character of relief awarded against the nonresidents upon final decree. The appeal was from an interlocutory order of the circuit court, which affected only the question of service. It was not an appeal from a final decree, upon which the insufficiency of service was assigned, with other error, as in the cases cited supporting the Florida rule. The Florida statute allowing appeals from interlocutory orders was held by its Supreme Court in the Corbett Case to cover an order affecting service only. No other question than the rightful presence of the nonresidents in the circuit court by virtue of the substituted service was presented by the appeal.

If the rule contended for applies to such an interlocutory appeal, then the Florida Legislature and its Supreme Court did a futile thing in providing a method of appealing from an order of the circuit court sustaining service, where the taking of the appeal itself by the party

complaining of service alone puts the party in court as effectually as if properly served, and renders the appeal ineffectual for any purpose. We are not prepared to extend the rule in Florida as to the effect as an appearance of the taking of an appeal from a final decree, upon which error based on the insufficiency of service was relied upon, with others, to an appeal from an interlocutory order, which involved only the question as to whether the appellant was rightfully in court, as in the Corbett Case.

Conceding that there is no authority in the practice of Florida for special appeals, an appeal from an interlocutory order, questioning the sufficiency of service only, is authorized, and from this it is to be implied that an appellant is to derive some benefit from the appeal, which he could not do if the taking of the appeal constituted a general appearance on his part. It is not reasonably supposable that it was intended that the taking, as allowed by the statute, of an appeal from such an order as the one in question, should have the effect of depriving the appellant of the sole benefit sought to be obtained, or obtainable, by a resort to the remedy given. In the absence of authority from the Florida Supreme Court, applying the general rule to the case of such an interlocutory appeal, common sense requires us to decline to make the application. This contention is made by defendant in error, though there was a stipulation in the state court case, that the supersedeas should not constitute a general appearance.

[4] 2. Aside from the question of jurisdiction acquired by service or appearance or both, and the validity of the decree as dependent thereon, is the question of the legal effect of the final decree rendered in the Corbett Case. We think that the decision of this case may be made to depend upon the effect to be given the decree of the Florida circuit court, as a defense to this suit. It is set up as a defense to a suit by the plaintiff in error to enforce a personal liability against the defendant in error upon a certificate of deposit. If the Florida decree was rendered with jurisdiction over the person of the plaintiff in error, and if its effect was to adjudicate that the defendant in error was not liable to plaintiff in error in a personal action upon the certificate of deposit, it would present a complete defense to the present suit. If either proposition fails of establishment, it presents no defense. We do not think that the Florida decree adjudicated the nonliability of the defendant in error to a personal judgment in favor of a holder of the certificate of deposit. The Supreme Court of Florida, in the opinion in the case of Rome Ins. Co. v. Corbett, 66 Fla. 438, 63 South. 833 (based on this same transaction), said of the bill in that case:

"The bill confines its prayer to an adjudication of the fund sought to be impounded, and does not pray for a general personal decree against these nonresidents, and we are not to assume upon the face of the bill that the circuit court will enter an unauthorized decree, and we have not before us any such question of jurisdiction as was involved in the case of Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565]. * * * We are not to be understood as holding that the court might not quash a service by publication, if the bill upon its face showed that it was clearly a common-law cause of action, and that the resort to the equity side of the court was a mere subterfuge."

The Supreme Court of Florida construed the bill as asking relief only out of a fund supposed to be in the Jasper Bank, and held that that was the only character of relief that was grantable as against the nonresident defendants upon constructive service. The court said that it contained no prayer for a general personal decree, and that such a decree would be unauthorized and in conflict with the doctrine of Pennoyer v. Neff. This was a direction to the lower court to restrict whatever decree it might render against nonresidents upon constructive service to an adjudication of their rights in the fund, which was supposed to be in the possession of the defendant in error, the Jasper Bank. The Supreme Court reserved "his right, if not waived, to object, should the court thereafter commit an error against him." The fact that there was no such fund in existence, and that only the personal liability of the defendant in error on the certificate of deposit was in question, is immaterial. The circuit court of Hamilton county and the Supreme Court of Florida both entertained the view that the proceeds of the notes discounted, when deposited in the Jasper Bank to the credit of the trustee of the Rome Insurance Company, created a fund, which was evidenced by the certificate of deposit, and which conferred jurisdiction on the circuit court over the nonresidents, but only to the extent of their interest in the supposed fund.

It will be presumed that the subsequent final decree of the Hamilton county circuit court was restricted as directed by the Supreme Court. A reference to its terms makes this certain. It adjudged the agreement between Corbett and the Rome Insurance Company and its trustee for the sale of its capital stock void and of no effect; that the proceeds of the note of Corbett, covered by the certificate of deposit, be impressed with a trust in favor of Corbett, and be decreed to belong to him; that the trustee for the Rome Insurance Company be adjudged to have no interest in the proceeds of the note, and that defendant in error be required to pay such proceeds to Corbett, and enjoined from paying them to the trustee, or any one for it; that the certificate of deposit, in so far as it covers and includes the proceeds derived from the said note, be decreed void and of no effect. It is clear that the decree adjudged only the rights of the nonresidents in and to the supposed fund in the Jasper Bank, and did not attempt to adjudge that the Jasper Bank was not personally liable to the nonresident holders of the certificates of deposit. Under the doctrine of Pennoyer v. Neff, recognized and referred to in the opinion of the Supreme Court of Florida, it could not have done so. The decree went as far as it could go, in denying the nonresidents the right to participate in the supposed, but actually nonexistent, fund in the Jasper Bank.

[5] The defendant in error set up the decree as a defense to a common-law action brought by a nonresident holder of the certificate of deposit against the Jasper Bank, seeking to subject it to a judgment upon the theory of its personal liability by reason of its having executed the certificate of deposit, which was in legal effect a due-bill and imported the personal liability of the maker, as much as would a promissory note. A decree which had the sole effect of ad-

judging that the plaintiff had no rights in a special fund, whether existent or not, could not bar the right of the plaintiff to try out in the common-law action the personal liability of the bank that issued the certificate. If the Jasper Bank was personally liable to the holder of the certificate, the holder was entitled to pursue it to judgment and collect the judgment out of its assets, other than the fund. The decree was therefore no defense to the action, and this would result, even though the Hamilton county circuit court had obtained jurisdiction, by service or appearance, to render a personal decree against the nonresident, since the decree actually rendered, and here interposed as a defense, is not such a decree.

We think the decree presented no defense to the action (1) because the Florida court had no jurisdiction to render it as to the nonresidents; and (2) because it did not purport to determine the personal liability of the defendant in error to the plaintiff in error on the certificate of deposit. The decree is reversed, and the cause remanded for further proceedings in conformity to this opinion.

Reversed.

JACK, District Judge. On the ground that the circuit court of Hamilton county, Fla., was without jurisdiction in the Corbett Case, I concur in the decree.