MARIE PHYLLIS ORTELL, *Appellant,* v. FRANK J. ORTELL, *Appellee.*

Division A.

Opinion Filed January 16, 1926.

*Charles A. Powers,* for Appellant;

*L. S. Gaulden,* for Appellee.

BROWN, C. J.—The appellee, Frank J. Ortell, exhibited his bill in the nature of a bill of review against the appellant, Mary Phyllis Ortell, in the Circuit Court of Duval County seeking to review and annul a decree of divorce obtained a few months previously in said court by Marie Phyllis Ortell against said appellee, upon the ground that the complainant in said suit for divorce had not been a bona fide resident of the state of Florida for two years next preceding the filing of said bill for divorce. In this bill for review, the residences of both parties were alleged to be in the City and State of New York. However, it is averred elsewhere in the bill that the said Marie Phyllis Ortell had been a bona fide resident of the City and State of New York from A. D. 1911 to November 10, 1920, at which time she left her husband in New York and went to Jacksonville, Florida, where her mother lived, promising to return later, but that she did not return and refused to return. That bill prayed personal process by subpoena against the defendant, appellant here. Thus it is probable that the averments of the bill impliedly admit that the defendant had ceased to be an actual resident of New York before the bill was filed. Perhaps the aver-

ment that she was a resident of New York City was based upon the theory that, as alleged in the bill, the decree of divorce was void for want of jurisdiction, and that the domicile of the wife continued in contemplation of law to be that of the husband. The sheriff made return on the subpoena to the effect that, "After diligent search the defendant, Marie Phyllis Ortell, (in Hendersonville, North Carolina,) was not to be found in Duval County, Florida." A few days later the solicitor for the complainant made and filed an affidavit for service by publication, which reads in part as follows: "That affiant believes that said defendant, Marie Phyllis Ortell is a resident of the City of New York, in the State of New York, and that her present mail address is Hendersonville, North Carolina; that said Marie Phyllis Ortell is more than 21 years of age and that there is no person in the State of Florida the service of a subpoena upon whom would bind the said defendant, Marie Phyllis Ortell."

The Clerk thereupon made an order of publication which was published for four consecutive weeks, and certificate of publication, posting, and mailing of copies of said order was made and filed.

Upon the date she was required by said order of publication to appear, the appellant filed a special appearance for the purpose only of moving the court to vacate the order requiring defendant to enter her general appearance to the bill of complaint, and a few days thereafter appeared specially for the purpose of moving the court to vacate said order and to quash the pretended service thereof upon several grounds: (1) That the City of New York includes a large area of lands with a population of more than five million, and that the affidavit did not set forth the street address at which it is pretended that the defendant resided in said city, (2) that said affidavit did

not set forth that the pretended residence of the defendant in the City of New York, State of New York, specified as particularly as was then known to the affiant solicitor the place or location within said City of New York at which defendant is alleged to have then resided, (3) that at said time the affidavit was made by complainant's solicitor, the complainant actually knew that the defendant's mail address was not Hendersonville, North Carolina, but that she was actually residing within the State of Florida at the time and was then in said state, and (4) that the news-paper designated in the order of the court was not a news-paper of general circulation throughout the state. Affidavits in support of this motion were filed. The court below denied this motion, and from this order this appeal was prosecuted.

As it is questionable whether matters *dehors* the record can be raised by a motion of this kind, or otherwise than by plea to the jurisdiction in equity or abatement at law, (see Putnam Lumber Company v. Ellis-Young Company, 50 Fla. 251, 39 So. 193; Campbell v. Chaffee, 6 Fla. 724; Tigret v. Taylor, (Ala.) 60 So. 858; 21 C. J. 167; 32 Cyc. 525;), we will confine our consideration to the defects apparent on the face of the proceedings.

Statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order ot give a court jurisdiction of the person of the defendant. Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 So. 453. Section 3111 of the Revised General Statutes of 1920 reads in part as follows: "Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly filed, the belief of the affiant that the defendant is a resident of a State or country other than this State, specifying as particularly as may be known to affiant such residence, or

that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant,'' etc. Under this section, the affidavit should have shown that, in stating the residence of the defendant merely as the ''City of New York in the State of New York,'' the affiant was ''specifying as particularly as may be known to affiant such residence,'' or words to that effect. Otherwise a complainant might make an affidavit merely that a defendant resident in New York City, or Chicago, or some other large city, without giving the street address, although the complainant might be thoroughly familiar with such street address, with the result that the copy of the order mailed to such defendant by the Clerk, as required by the statute, would not be at all likely to reach such defendant. It is contended in this case that to state the residence of a defendant as being merely a large city like New York, without more, is tantamount to stating that the residence of such defendant is unknown, in which case eight weeks' publication is required by the statute. There is considerable force in this contention, but its consideration is not necessary for a decision in this case. It is true that this court has held an affidavit sufficient which gave the residence of the defendant as ''in the city of Chicago, State of Illinois,'' but in that case, the affiant added these words: ''But that the affiant does not know her more particular or definite address.'' See Gillespie v. Scott, 65 Fla. 175.

The fact that this affidavit stated that the affiant believed the present mail address of the defendant to be Hendersonville, North Carolina, does not cure the defect with reference to the inadequacy of the affidavit as applied to the residence of the defendant, above pointed out. For

aught that appears in the affidavit, this ''mailing address'' may have been purely transient, temporary, and ineffective. Furthermore, in view of the generality of the mailing address given, it would have been a better compliance with the spirit of the statute either to have given the street address in Hendersonville, which we judicially know was by no means a village, or, if that was not known, state in the affidavit that the address as given was specified as particularly as was known to affiant, or words to that effect.

It is the plain purpose of the statute that the affidavit should specify with sufficient particularity the residence of the defendant, if such be known to the affiant, so that the copy of the order requiring the defendant to appear upon a certain day, when mailed to the defendant, as required, by the Clerk, will with reasonable probability reach the defendant; and in all cases where the residence is stated as being in any city which the courts must take judicial knowledge of as being a city of any considerable population, the affidavit should either give the street address of such residence or should state that the affiant has specified as particularly as may be known to him such residence of the defendant. 32 Cyc. 478, and cases cited. It is not necessary that the affidavit should follow the exact language of the statute, but it should set up such facts as show a compliance with what the statute requires.

It follows that the court below erred in denying the motion of the appellant to vacate said order and to quash the service.

The purpose of constructive service by publication upon non-resident defendants, or persons whose residence is not known, as is made apparent from the reading of the statute, is to bring home, if possible, to the knowledge of such defendant the pendency of the suit against him or her and of the order to appear therein by a given date.

While the affidavit and publication in this case, as above
set forth, was defective, it seems to have accomplished its
purpose, for, either by reason thereof or in some other way,
the fact that the defendant obtained knowledge of the
order requiring her to appear by a certain date is made
clear by her very motion setting up the defects in the order
and in the affidavit upon which it was based. While, as
above pointed out, strict compliance with the statutes pro-
viding for constructive service by publication should be
shown in order to uphold a judgment by default or decree
*pro confesso* founded upon such constructive service, and
to prevent abuses of such constructive process, yet it would
appear to the writer that where, in spite of irregularities or
defects, such order of publication has accomplished its pur-
pose and the defendant has acquired knowledge of the
order, his appearance to attack the sufficiency of the affi-
davit or order, or other technical objections to the suffi-
ciency of the service by publication, smacks of ·dilatory
practice; and there are some decisions to the effect that
such special appearance should be held to constitute a gen-
eral appearance and a waiver of such irregularities. But
the weight of authority in this country and in this state is
to the contrary and holds that where service by publica-
tion is resorted to against a defendant, a special appearance
for the purpose of attacking the sufficiency of and moving
to quash such constructive process or to set aside or vacate
orders to appear based thereon, should not ordinarily be
held to constitute a general appearance, or a waiver of the
defects in the process. The tendency of prior decided cases
by this court and the weight of authority in the United
States is to the effect that a motion in a cause may or may
not operate as an appearance, dependent on the relief
sought and whether or not it is specially based upon the
sole ground of want of jurisdiction. "A motion in a cause

based wholly upon an alleged want of jurisdiction is not an appearance generally nor a waiver of any irregularity in the proceedings by which a party is attempted to be brought into court, but a motion grounded wholly or in part upon error in the judgment or upon irregularities aside from the question of jurisdiction, is such a waiver as constitutes an appearance. A general appearance is entered in a cause by the making of any motion which involves the merits.'' 4 C. J. 1339, 1340; 2 R. C. L. 327; 2 Encyc. of Pldg. and Prac., p. 637, 654. The same principle appears to be held by some courts with reference to appeals in such cases, though there is some conflict in the authorities. See 4 C. J. 1346; 2 R. C. L. 333.

Ordinarily, the obtaining of an extension of time to plead is a general appearance. See Encyc. of Pldg. and Prac., Vol. II, page 637. The court's order, denying supersedeas, showed that the defendant in the court below, after notice of appeal had been entered, moved the court for further time within which to file her answer. This was attempted to be done ''without waiving any of her rights with reference to the jurisdiction of the court herein or any right that she may have because of said appeal,'' etc. But a party cannot change the character of a motion or pleading by prefixing any mere formula of words. If the defendant had moved for and obtained an order extending her time to answer the bill before appearing specially for the purpose of attacking the sufficiency of the service, this would have unquestionably constituted the doing of an act in the progress of the cause and in recognition of the jurisdiction of the court over her person, which would have been equivalent to a general appearance. See 4 C. J. 1339, and cases cited; also East Coast Lumber Co. v. Ellis-Young Co., 50 Fla. 215. But after having appeared specially to quash the service and to question the jurisdiction

of the court to proceed further against her, (and especially after notice of appeal had been entered,) it would appear by the weight of authority in this country that such motion to extend the time for answering the bill did not constitute a waiver of the jurisdictional question, or operate as a general appearance. See 2 R. C. L. 339; 2 Encyc. of Pldg. & Prac·, 629, 631; 4 C. J. 1365-7, and cases cited; 16 L. R. A. N. S. 177; L. R. A. 1916 E 1082. But this court is committed to the proposition that any pleading to the merits, whenever made, constitutes a general appearance, and waives the questions of defects in service raised by any previous motion to quash or set aside. Fla. R. R. Co. v. Gensler, 14 Fla. 122; Stephens v. Bradley, 24 Fla. 201, 3 So. 415; Henry v. Spitler, 67 Fla. 146, 64 So. 745.

Under the decisions of this court, the prosecution of an appeal from a final decree on the merits operates as a general appearance *when the cause is remanded* to the court below. Standely v· Arno, 13 Fla. 361; Tunno v. Robert, 16 Fla. 738; State v. Call, 41 Fla. 450, 26 So. 1016; Wylly v. Sanford Loan & T. Co., 44 Fla. 818, 33 So. 453; Drew Lumber Co. v. Walters, 45 Fla. 252, 34 So. 244; Hayman v. Weil, 53 Fla. 127, 44 So. 176; Barwick v. Rouse, 53 Fla. 643; 43 So. 753; Henry v. Spitler, 67 Fla· 146, 64 So. 745; 4 C. J. 1346; 2 R. C. L. 333.

But where, as here, the appeal is taken from an interlocutory order overruling the objection to the jurisdiction of the person, which had been interposed on special appearance for that purpose alone, the right to review such interlocutory order by separate appeal is conferred by Section 3169, Rev. Gen. Stats. of 1920, and the taking of such an appeal does not operate as a general appearance. Rome Ins. Co. v. Corbett, 66 Fla. 438, 63 So. 833; Bank of Jasper v· First National Bank, 358 U. S. 112, 66 Law Ed. 490; 4 C. J. 1347.

For the error pointed out, the interlocutory order appealed from is reversed and the cause remanded.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.