FRANK E. MALONE AND WILLIAM J. KINDGEN, *Appellants,*
v. JOSEPH J. LANNIN, *Appellee.*

Division B.

Opinion Filed December 6, 1927.

*W. W. Flournoy,* Attorney for Appellants;

*Guss Wilder,* Attorney for Appellee.

PER CURIAM.—This appeal is from an order overruling a motion to vacate a final decree, confirmation decree and deficiency decree entered in a foreclosure suit against appellants in favor of appellee May 2nd, 1922.

The motion to vacate was filed July 23rd, 1925, and was predicated on the charge, (1) that the order of publication for constructive service on Kindgen was not published for the time required by law, and (2) the bill of complaint in the foreclosure suit shows on its face that equity was without jurisdiction in the premises.

The affidavit supporting the order of publication for constructive service is required by Section 3111, Revised General Statutes of Florida, and omitting the formal parts is as follows:

"On this day personally appeared before me Guss Wilder, who being first by me duly sworn, deposes and says that he is attorney and agent for the complainant, in the above styled cause, and that as such, he is qualified to make this affidavit for the complainant and that he makes the same for and on behalf of said complainant and says that he is informed and believes that the defendant, William J. Kindgen, is a resident of a state other than the State of Florida, and *that the residence and address of said defendant as particularly as the same is known to affiant is* 8 West 40th Street, *City of New York, State of New York,* and that there is no person in the State of Florida, service of subpoena upon whom would bind said defendant, William J. Kindgen, and that said defendant, William J. Kindgen, is over the age of twenty-one years.

"Signed this 3rd day of March, A. D. 1922."

It is admitted by appellants that this affidavit meets the requirements of Section 3111, Revised General Statutes of Florida, but they contend that the order of publication pursuant thereto should have been published eight weeks, when it was, in fact, only published four weeks.

The requirements of the statute (Section 3111, Rev. Gen. Stats. of Fla.) are as follows:

"3111. (1866) Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly filed, the belief of the affiant that the defendant is a resident of a State or country other than this State, specifying as particularly as may be known to affiant such residence, or that his residence is unknown, or that, if a resident, he

has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, or that he conceals himself so that the process cannot be served upon him, and further states the belief of the affiant as to the age of the defendant being over or under 21 years, or that his age is unknown, the judge or clerk of the court in which such bill shall have been filed shall make an order against the defendant requiring him to appear to the bill upon a day to be fixed by the order, not less than thirty nor more than fifty days from the time of the making of the order, if he be stated therein to be a resident of the United States and not less than fifty nor more than eighty days if he be stated to be a non-resident of the United States, or if his residence be stated as unknown. For the purpose of this action, the insular possession of the United States shall be regarded as foreign countries.''

2. Publication of Order.—The clerk shall have all orders of publication against an absent defendant, whether made by the judge or himself, published with as little delay as may be, in such newspaper as may be designated in the order, once a week, for four consecutive weeks, if the defendant be stated to be a resident of the United States; or if he be stated to be a non-resident of the United States, or if his residence be stated to be unknown, for eight consecutive weeks; he shall also, within twenty days of the making of the order, post a copy of the said order at the door of the court house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.''

Inspection of this statute discloses that it requires the order for the defendant to appear, to be published once a

week for four consecutive weeks if the affiant states "the belief of the affiant that the defendant is a resident of a state other than this State," and specifies as "particularly as may be known to affiant such residence." If the affiant states that the defendant's "residence is unknown" the pubication shall be made for "eight consecutive weeks."

Appellant contends that the affidavit made on information and belief in effect states that the residence of defendant "is unknown" to affiant. But an affidavit made on "the belief of the affiant that the defendant is a resident of a state other than this state, specifying as particularly as may be known to affiant such residence," sufficiently states the defendant to be a resident of the United States and satisfies the requirement of the statute for publication of the order "once a week for four consecutive weeks if the defendant be stated to be a resident of the United States." The affidavit states that affiant "is informed and believes that the defendant is a resident of a state other than the State of Florida and that the residence and address of said defendant as particularly as the same is known to affiant is 8 West 40th Street, City of New York, State of New York," which clearly shows the belief of affiant that the street and city address of defendant is in a state of the United States. The statute requiring the affidavit of such facts in "the belief of the affiant" is therefore satisfied and publication for four weeks was sufficient. Ortell v. Ortell, 107 So. 442, 91 Fla. 50.

On the question of equity jurisdiction it is not necessary to state that this Court is committed to the doctrine that a common law remedy cannot be pursued in a court of equity, but we think an inspection of the bill of complaint in the foreclosure suit shows a cause for equitable interference. A full discussion of this question would serve no useful

purpose so the decree of the chancellor is affirmed. Malone v. Meres, 91 Fla. 709, 109 So. 677.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.