TAX SECURITIES CORPORATION v. JOHN U. BIRD and T. FRANK HOBSON, Judges, Circuit Court, Sixth Judicial Circuit, Pinellas County.

Case No. 1.
155 So. 155.
Opinion Filed April 26, 1934.
Petition for Rehearing Denied June 15, 1934.

*Edwin Brobston,* for Relator;

*Hugh L. McArthur,* for Respondents.

DAVIS, C. J.—This is an original proceeding in mandamus instituted in this Court by the relator, Tax Securities Corporation, against O. L. Dayton, as Judge of the Circuit Court in and for the Sixth Judicial Circuit of Florida, Pinellas County. The petition and writ recite that the relator exhibited its bill of complaint in the Circuit Court of Pinellas County for the foreclosure of certain tax certificates under the provisions of Chapter 14572, against certain real estate therein described, and that among the defendants to the cause was the First National Bank, a national banking corporation of Sandersville, Georgia, which is alleged to be the owner of a judgment that constitutes a lien against the same real estate in the foreclosure proceedings of complainant.

Relator shows that it has complied with Chapter 11829, Acts of 1927, which is a part of the statutes of the State of Florida with reference to obtaining service against corporations, but that notwithstanding same, that respondent, O. L. Dayton, as judge of said court, has refused to issue the order of publication presented for service against the corporation above mentioned.

The respondent justifies the refusal to issue said order of publication upon the ground that the statutes of Florida do not permit such service of process by publication against a non-resident trust or banking company which is not doing or has not done business in this State.

Before the briefs were filed herein and after the cause was at issue, the Honorable O. L. Dayton resigned as Circuit Judge of the Sixth Judicial Circuit, and substitution proceedings appear in this cause substituting the Honorable

John U. Bird and T. Frank Hobson as respondents. The hearing is upon a motion for a peremptory writ against the substituted respondents.

The return filed in this cause brings up for consideration the sole question as to whether or not any statute in the State of Florida authorizes service of process by publication against a non-resident trust or banking corporation which is not doing business in the State and has not done business in the State, but is possessed of an interest in or claim against land which is sought to be subjected to a tax foreclosure under Chapter 14572, Acts of 1929, Laws of Florida.

In the case of Rome Insurance Company, a Georgia corporation, v. J. H. Corbett, decided December 9, 1913, and reported in 66 Fla. 438, (63 Sou. Rep. 833) this Court upheld as valid, an affidavit and order for constructive service of process published against a non-resident foreign insurance company and against a non-resident national bank. In that case the affidavit upon which the order for constructive service was predicated, read as follows, as shown by the transcript on file in the archives of this Court:

"In the Circuit Court, Hamilton County, Florida, in Chancery.

"J. H. Corbett, Complainant, v. Rome Insurance Company, et al., Defendants.

"Bill for Relief.

"State of Florida:

"Hamilton County:

"Before me personally appeared J. H. Corbett, who being duly sworn, on oath, says: that affiant is complainant in the above entitled cause; that the defendant Rome Insurance Company is a corporation organized and existing under and by virtue of the laws of the State of Georgia, with its prin-

cipal office and place of business in the City of Rome, in Floyd County, State of Georgia, and the defendant, American Bank & Trust Company is a corporation organized and existing under and by virtue of the laws of State of Georgia, with its principal office and place of business in the City of Rome, in Floyd County, State of Georgia, and the defendant First National Bank of Rome, Georgia, is a corporation organized and existing under and by virtue of the laws of United States, with its principal office and place of business in the City of Rome, in Floyd County, State of Georgia, that neither of said corporations is a resident of or domiciled in the State of Florida, that there is no person in the State of Florida the service of a subpoena upon whom would bind such defendants, or either of them.

"J. H. Corbett.

"Sworn to and subscribed before me this 3 day of Jan. A. D. 1913.

"J. B. Wetherington, C. C. C.

"—Seal—"

The constructive service in that case being against Rome Insurance Company, American Bank & Trust Company and First National Bank of Rome, Georgia, each of these companies specially moved to quash the constructive service on the following grounds:

"First. Because on account of the attempted and pretended service by publication, the court does not acquire jurisdiction of said defendants.

"Second. Because said service is defective and not such as is required by law, in that the defendants are foreign corporations, not resident in Florida, and have not received personal service of process herein in the State of Florida."

But the chancellor denied the motion to quash and on appeal from such order this Court affirmed it and specifically

held that "our constructive service statute (Section 1866, Gen. Stats., 1906) is broad enough to apply to any suit in equity pending in our circuit courts * * *."

Section 1866, Gen. Stats, 1906, is now Section 3111, R. G. S., 4895 C. G. L., and is in no respect materially variant from what it was when this Court decided in 1913, in the case of Rome Insurance Co. v. Corbett, *supra*, that it was broad enough to cover a non-resident national bank doing business in Rome, Georgia, where the object of the proceeding was to determine rights in property within the jurisdiction of an equity court in this State.

A tax lien foreclosure proceeding is governed by Section 15 of Chapter 14572, Acts of 1929, which provides that all parties having or claiming any interest in any lands embraced in any tax sale certificate or deed, by reason of ownership, lien or otherwise, may be made parties to such suits and constructive service had in accordance with the law applicable to foreclosure of mortgages upon real estate, unless otherwise provided in that Act.

Section 3111, R. G. S., 4895, C. G. L., providing for constructive service of process in equity causes is applicable to the foreclosure of mortgages. That section, as was held in Rome Insurance Co. v. Corbett, *supra*, is also applicable to a non-resident foreign corporation claiming an interest in property in this State that has been brought within the jurisdiction of a Florida court of equity by the institution of a suit in this State concerning it. It follows, therefore, that in a suit to foreclose tax liens and certificates under Section 15 of Chapter 14572, Acts of 1929, against a non-resident foreign corporation owning or claiming an interest in the lands being foreclosed against, that constructive service upon such non-resident corporation owner or claimant may be had in the tax lien foreclosure cause, pursuant to Section 3111, R.

G. S., 4895 C. G. L., which section is applicable in all cases of allowable constructive service against foreign and domestic corporations not otherwise specifically covered by other statutes that prescribe a different and exclusive method therefor in lieu of the provisions of said section.

Chapter 11829, Acts of 1927, in Section 14 thereof, expressly excepts from its operation and effect banking corporations. Section 2609, R. G. S., 4256 C. G. L. (originally part of Chapter 7928, Acts of 1919) applies only to foreign corporations that are doing or have done business in Florida. Section 3111, R. G. S., 4895, C. G. L., is consequently left applicable to that class of foreign corporations who may be sued in equity in the courts of this State with respect to property situate in Florida, but as to which no other special statutory method of constructive service is provided by our statutes.

A national bank incorporated in another State, which has never done any business in this State, but which has acquired or claims to have acquired some right, title or interest in property located in this State that is under our laws subject to the jurisdiction of a court of equity in any equitable controversy brought here concerning it, not being within the purview of Chapter 7928, Acts of 1919, or within the terms of Chapter 11829, Acts of 1927, is accordingly subject to the provisions of Section 3111, R. G. S., 4895, C. G. L., as to constructive service. So the publication order applied for in the suit to which the mandamus relates, being based upon the supposed force and effect of Chapter 11829, Acts of 1927, and Chapter 7928, Acts of 1919, was properly refused by the respondent circuit judges, who should not be required to proceed under an inapplicable statute.

Alternative writ quashed.