KATE WEISSBERGER, Plaintiff, v. HARRY WEISSBERGER, Defendant.

Supreme Court, Special Term, Kings County, December 28, 1944.

*Michael Diemert* for plaintiff.

*B. Leo Schwartz* for defendant.

NORTON, J. This action is brought by the plaintiff wife against her husband for a separation on the ground of cruel and inhuman treatment and also upon the ground of abandonment and failure to support. The answer contains a general denial and as an affirmative defense alleges that the parties hereto have not been husband and wife since November, 1940, by reason of a decree of divorce entered on November 7, 1940, in the Circuit Court in Dade County, Florida, and further that by a judgment of the Supreme Court of this State, County of New York, entered on the 22d of April, 1943, the parties hereto were adjudged not to be husband and wife, and that such latter judgment is *res judicata* in this action.

The question of the effect of the judgment entered in New York County on the 22d of April, 1943, has already been adjudicated in this action. The Court of Appeals has held that such judgment is not *res judicata* on the question of the relationship of husband and wife between these parties (292 N. Y. 536). This court will, therefore, consider only the question of the validity of the Florida divorce decree set up in the answer herein as to the marital status of these parties.

It appears from the photostatic copy of the proceedings in the Florida decree of divorce, and particularly in the bill of complaint therein, that the said Harry Weissberger swore that Kate Weissberger, his wife, was a nonresident of the State of Florida and resided at 2880 *East* 25th Street, borough of Brooklyn, city of New York. Pursuant to said sworn statement in such bill of complaint and the order made thereon in the Florida court, the Clerk of that court addressed an envelope containing a copy of the citation issued therein addressed to the said Kate Weissberger at 2880 *East* 25th Street, Brooklyn, New York, and a photostatic copy of the envelope purporting to contain such citation and so addressed, which is attached to the decree papers, discloses the following notations stamped thereon by the United States Post Office: '' Returned to sender, by Brooklyn, N. Y. P. O.'', '' Undeliverable as addressed '', and also a further stamp with the initials of the post office carrier as follows: '' Reason for non-delivery checked ''. There is checked on said stamp the words '' No such number ''. Then follows the carrier's initial '' C '', '' Route 37 ''. Service of the citation appears to have been made only by publication pursuant to an order of the Florida court.

The defendant herein, Harry Weissberger, testified upon the trial of this action that his wife resided at 2880 *West* 25th Street, Coney Island, New York; that he was married from that address; that he lived there with his wife after the marriage up to the time of the alleged abandonment, and that his wife still lives at that address, and that she never removed from the same from the time of their marriage.

Section 3111 of the Revised Statutes of the State of Florida (sections 4895 and 4896 of the Compiled General Laws and the amendments thereto) provides in part as follows: '' Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly verified, the belief of the affiant that the defendant is a resident of a State or country other than this State, specifying as particularly as may be known to affiant such residence, or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpœna upon whom would would bind such defendant '' an order of publication may be mailed.

In *Ortell* v. *Ortell* (91 Fla. 50) the court stated: '' It is the plain purpose of the statute that the affidavit should specify with sufficient particularity the residence of the defendant, if

such be known to the affiant, so that the copy of the order requiring the defendant to appear upon a certain day, when mailed to the defendant, as required by the Clerk, will with reasonable probability reach the defendant; and in all cases where the residence is stated as being in any city which the courts must take judicial knowledge of as being a city of any considerable population, the affidavit should either give the street address of such residence or should state that the affiant has specified as particularly as may be known to him such residence of the defendant.''

It appears from the testimony of the defendant Harry Weissberger in this case that he well knew that the address of his wife at the time of his verifying the bill of complaint and affidavit in Florida was 2880 *West* 25th Street, Brooklyn, New York, and not 2880 *East* 25th Street, borough of Brooklyn, city of New York.

A divorce obtained by a husband against a wife, in the absence of any proof of fraud or misconduct on his part, in a State claimed by him to be his domicile, after reasonable notice to her either by personal service or by publication *in accordance with the laws of the State of his claimed domicile is valid*, although the wife never resided in that State, but in order to make the decree of divorce valid either in the State in which it is granted or in another State there must, unless the defendant appeared in the suit, have been such notice to her as the law of the first State requires. (*Cheely* v. *Clayton*, 110 U. S. 701.)

The fair inference to be drawn from the record in the Florida court is that the defendant Harry Weissberger sought to keep the plaintiff, his wife, in ignorance of the institution of his action for divorce in Florida, thereby preventing her by his fraud and deception from having any knowledge of such suit or an opportunity to appear and defend the same. In addition to stating a false address in New York as that of his wife, the defendant Weissberger gave to the Florida court an address that did not exist. In my opinion, this was not a compliance with the statutes of the State of Florida, and there was no reasonable probability that the citation enclosed in the envelope as above addressed would reach the defendant.

I am therefore of the opinion that not only was there a failure to comply with the statute of Florida for the service of process on nonresidents in this case, but that a fraud was committed by the defendant herein not only upon this plaintiff but upon the court in the State of Florida, and the decree of the Florida court cannot be recognized as valid in this State.

Therefore, upon all the evidence and proof submitted upon the trial of this action I am satisfied that the plaintiff has sustained the allegations of her complaint charging this defendant with cruel and inhuman treatment and abandonment and failure to support, and, therefore, direct judgment in favor of the plaintiff against the defendant for the relief demanded in the complaint and award the plaintiff the sum of $20 a week as alimony.