83 So.2d 271 (1955)
STATE of Florida ex rel. ELI LILLY AND COMPANY, an Indiana Corporation, Petitioner,
v.
Honorable Bayard B. SHIELDS, as Judge of the Circuit Court in and for the Fourth Judicial Circuit, Duval County, Florida, and Michael David Joseph, a Minor, by his father and next friend, Isaac Joseph and Isaac Joseph, Individually, Respondents.
Supreme Court of Florida. Special Division A.
November 9, 1955.
Harry T. Gray, Francis P. Conroy, Sam R. Marks and Marks, Gray, Yates & Conroy, Jacksonville, for petitioner.
Roger J. Waybright and Waybright & Waybright, Jacksonville, for respondents.
DREW, Chief Justice.
Petitioner has filed in this court a suggestion for writ of prohibition to stay the proceedings by respondents in the trial court on the grounds that jurisdiction has not been obtained over petitioner. Rule nisi in prohibition was issued to which the respondent has filed an answer.
Petitioner is one of two corporate defendants in an action for damages in the lower court. It filed a special appearance on grounds of lack of jurisdiction over its person, insufficiency of process, and insufficiency of service of process, contending among other things that it at no time did business in the State of Florida and that the person upon whom the sheriff purported to serve process was not authorized by law to be so served. After considering the depositions on the subject, the trial court overruled the motion. This ruling furnishes the basis of the proceedings presented to this court.
*272 The situation presented is practically identical to that in the case of State ex rel. Atlanta Paper Co. v. Herin, Fla. 1955, 80 So.2d 331, where we held that prohibition will not lie to review the correctness of an order of a trial court overruling a challenge to its jurisdiction over the person of a defendant where that court has jurisdiction over the subject matter of the suit. The Herin case is controlling.
However, it is suggested that a defendant who challenges jurisdiction over its person will waive his jurisdictional objections and therefore his rights to review of an adverse ruling by proceeding on the merits. This claim finds support in our case law. Largay Enterprises, Inc. v. Berman, Fla. 1952, 61 So.2d 366; Ortell v. Ortell, 91 Fla. 50, 107 So. 442; Henry v. Spitler, 67 Fla. 146, 64 So. 745, Ann.Cas. 1916E, 1267; Stephens v. Bradley, 24 Fla. 201, 3 So. 415. All of these decisions however were decided prior to the adoption of the new rules of civil procedure. The present rule 1.11(b), 1954, Florida Rules of Civil Procedure, sets out how defenses are presented. The rule specifically refers to the defenses, among others, of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. The rule is patterned after Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under the federal practice a defendant who raises questions of jurisdiction of its person is not prejudiced by participating in the trial and defending the matter on the merits and may obtain a review of the question of jurisdiction upon appeal. Vilter Mfg. Co. v. Rolaff, 8 Cir., 1940, 110 F.2d 491; Blank v. Bitker, 7 Cir., 1943, 135 F.2d 962; Molesphini v. Bruno, D.C.E.D.N.Y. 1939, 26 F. Supp. 595.
The import of our rules is to a like effect. To dispel any further doubt in the matter, we specifically hold not only that prohibition will not lie to review an adverse ruling of the trial court upon challenge to the court's jurisdiction over the person of the defendant but also that a defendant who has properly raised such question is not prejudiced by participation in the trial and defending the matter on the merits and may have the correctness of such ruling reviewed upon appeal after adverse final judgment in the cause should one so be rendered.
The rule nisi is quashed.
TERRELL, ROBERTS and SEBRING, JJ., concur.