PER CURIAM.
Defendant, E.H.G. Enterprises, Inc., appeals an order denying its motion to vacate final summary judgment.
Plaintiff-appellee I. Joel Amstell filed an amended complaint for breach of contract, quantum meruit, violation of the Bulk Sales Act and fraudulent conveyance against defendants: E.H.G. Enterprises of Florida, Inc., E.H.G. Financial Corporation,[1] E.H.G. Enterprises, Inc., a Puerto Rico corporation, American Design and Development Corporation of Miami and Continental Mortgage Investors, a Massachusetts business trust. Appellee served appellant E.H.G. Enterprises, Inc., a foreign corporation, by serving the Secretary of State pursuant to Sections 48.181 and 48.161, Florida Statutes (1973). Appellant answered the complaint and raised as affirmative defenses lack of jurisdiction over the appellant, insufficiency of process and insufficiency of service of process. Appellant also raised additional affirmative defenses going to the merits. Subsequently plaintiff, after hearing, was granted summary judgment on June 5,1975 as to E.H.G. Financial Corporation, E.H.G. Enterprises of Florida, Inc. and appellant E.H.G. Enterprises, Inc. On November 21, 1975 appellant filed a motion to vacate the summary judgment on the grounds the judgment against it was void because appellant was not amenable to substituted service of process for lack of proof it was doing business in Florida; and even if appellant was subject to substituted service, appellee did not comply with the requisites of the statute and, therefore, the service was void. The trial judge, after hearing, entered an order denying the motion to vacate. We affirm.
In entering the summary final judgment against appellant, the trial judge determined that appellant’s affirmative defenses with respect to jurisdiction lacked merit. At this point the proper appellate procedure would have been to file a petition for rehearing within 10 days pursuant to Fla.R. Civ.P. 1.530 or perfect an appeal to this court. See State ex rel. Eli Lilly and Company v. Shields, 83 So.2d 271 (Fla.1955). Having failed to do either of the above, we find the trial judge was eminently correct in denying appellant’s motion to vacate filed some five months after the entry of the summary judgment. See Shelby Mutual Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla.1970).
Affirmed.

. Both totally owned subsidiaries of appellant E.H.G. Enterprises, Inc.